[Cite as *Blackford v. Noble Corr. Inst.*, 2011-Ohio-3369.]

## STATE OF OHIO, NOBLE COUNTY

## IN THE COURT OF APPEALS

## SEVENTH DISTRICT

| | | |
|---|---|---|
| JOHN BLACKFORD, | ) | |
| | ) | |
| PLAINTIFF-APPELLANT, | ) | |
| | ) | |
| VS. | ) | CASE NO. 10-NO-373 |
| | ) | |
| NOBLE CORRECTIONAL INSTITUTION, | ) | OPINION |
| WARDEN, | ) | |
| | ) | |
| DEFENDANT-APPELLEE. | ) | |

CHARACTER OF PROCEEDINGS:      Civil Appeal from Court of Common Pleas of Noble County, Ohio Case No. 209-0154

JUDGMENT:      Affirmed

APPEARANCES:
For Plaintiff-Appellant      Attorney Elizabeth N. Gaba
1231 E. Broad Street
Columbus, Ohio 43205

For Defendant-Appellee      Richard Cordray
Ohio Attorney General
Jason Fuller
Assistant Attorney General
150 East Gay Street, 16th Floor
Columbus, Ohio 43215

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated: June 29, 2011

DONOFRIO, J.

{¶1} Plaintiff-appellant, John Blackford, appeals from a Noble County Common Pleas Court judgment dismissing his complaint against defendant-appellee, the Noble Correctional Institution, Warden.

{¶2} On September 29, 2009, appellant, acting pro se, filed a complaint that appellee deprived him "of an investigation and charges pressed on the accused" and due process of law. The only remedy he sought was "an investigation to be enforced with results." To this complaint, appellant attached his affidavit setting forth the following. On April 22, 2009, while he was housed at the Noble Correctional Institution, another inmate named Ken assaulted appellant in the bathroom. Appellant stated that Ken approached him as he was leaving the bathroom and hit him in the face with a "lock-in-a-sock." Appellant stated that he was severely injured and rushed to the hospital where he underwent surgery to have two metal plates implanted in his face. Appellant further stated that appellee failed to investigate the matter or to press charges on Ken and instead placed appellant "in the hole" and under investigation.

{¶3} In response, appellee filed an answer raising various defenses including failure to state a claim upon which relief could be granted and failure to exhaust administrative remedies. Appellant filed a response to appellee's answer and a motion for summary judgment.

{¶4} The trial court issued a notice of hearing informing appellant that failure to appear could result in the dismissal of his case. In response, appellant requested a 30-day continuance to allow him to secure counsel or, in the alternative, permission to attend the hearing. Appellant then filed a motion for court-appointed counsel.

{¶5} The trial court denied appellant's request for appointed counsel but granted his requested 30-day continuance to allow him to secure his own counsel.

{¶6} Appellant next filed a request to appear at the hearing via telephone or for transport from jail to the hearing. The trial court denied these requests.

{¶7} Appellee then filed a motion to dismiss appellant's complaint for failure to comply with the requirements for inmate filings set out in R.C. 2969.26 (failure to

exhaust administrative remedies) and R.C. 2969.25(A)(C) (failure to file affidavit of prior actions and failure to file affidavit stating that inmate is seeking a waiver of the prepayment of filing fees). Appellant filed a motion to strike appellee's filing. However, he did not address the claims appellee made in its motion to dismiss.

{¶8} On March 9, 2010, the trial court issued a judgment dismissing appellant's complaint with prejudice. In so doing, the court stated that appellant had failed to file a response to the motion to dismiss. It also stated that it was "persuaded by the memorandum filed by Defendant in support of the motion to dismiss."

{¶9} Appellant filed a timely notice of appeal on April 8, 2010.

{¶10} Appellant, now represented by counsel, raises four assignments of error, the first of which states:

{¶11} "THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S COMPLAINT WITHOUT GIVING APPELLANT THE BENEFIT OF THE DOUBT BECAUSE HE WAS PROCEEDING PRO SE AND FURTHER ERRED IN FINDING THAT APPELLANT FAILED TO RESPOND TO APPELLEE'S MOTION TO DISMISS."

{¶12} Appellant argues the trial court should have afforded him greater latitude in filing his complaint because he is a prisoner who was proceeding pro se and does not have a legal education. He contends that the court dismissed his complaint on the mere technicality that the account statement he filed was not certified by the institutional cashier and that he did not provide an affidavit that he was seeking waiver of the prepayment of filing fees. Appellant goes on to assert that the court incorrectly stated that he failed to respond to appellee's motion to dismiss. He points out that on March 8, 2010, he filed a motion to strike in response. Appellant then argues that even though the motion "may have lacked clarity," the court should have given him the benefit of the doubt because he was acting pro se.

{¶13} Appellant contends that because he acted pro se, he was entitled to greater latitude in this matter. But pro se civil litigants are presumed to have knowledge of the law and legal procedures and we are to hold them to the same

standards as litigants who retain counsel. *Wesbanco Bank Barnesville v. Balcar* (Dec. 21, 2001), 7th Dist. No. 00-BA-36; *Sabouri v. Ohio Dept. of Job & Family Serv.* (2001), 145 Ohio App.3d 651, 654. Thus, the trial court was under no obligation to treat appellant any differently than a litigant who retained counsel.

**{¶14}** As to appellant's allegation that the court incorrectly stated he failed to respond to appellee's motion to dismiss, this is likely because the court did not see appellant's response until it had already signed its judgment entry dismissing the complaint. Appellant filed his response on March 8, 2010. And while the trial court's judgment entry is time-stamped March 9, the entry states "[t]his matter is before the court March 8, 2010." Furthermore, even if the court had read appellant's response before it entered judgment it likely would have had no impact on the judgment. Appellant's response, titled Motion to Strike Defendant[']s Second Answer, does not in any way address the merits of appellee's motion to dismiss and simply argues that appellee cannot file a "second" motion to dismiss.

**{¶15}** Accordingly, appellant's first assignment of error is without merit.

**{¶16}** Appellant's second assignment of error states:

**{¶17}** "THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED TO APPELLANT'S PREJUDICE WHEN THE COURT DISMISSED APPELLANT'S COMPLAINT WITH PREJUDICE INSTEAD OF DISMISSING IT WITHOUT PREJUDICE TO LEAVE OPEN A POSSIBILITY FOR APPELLANT TO REFILE HIS COMPLAINT AT A LATER DATE TO CURE ANY DEFECTS IN HIS PLEADINGS."

**{¶18}** Here appellant argues that the court should not have dismissed his complaint with prejudice. He claims that failure to exhaust administrative remedies is a curable procedural flaw that can be fixed by exhausting those remedies and then reinstituting the suit. Thus, appellant asserts that if dismissal was warranted it should have been without prejudice.

**{¶19}** The trial court dismissed appellant's complaint for the reasons set out in appellee's motion. These reasons were (1) appellant failed to comply with R.C.

2969.26; (2) appellant failed to comply with R.C. 2969.25(A); and (3) appellant failed to comply with R.C. 2969.25(C).

**{¶20}** "Compliance with R.C. 2969.26(A) is mandatory." *Boylen v. Ohio Dept. of Rehab. & Corr.*, 182 Ohio App.3d 265, 2009-Ohio-1953, ¶28. R.C. 2969.26 provides in part:

**{¶21}** "(A) If an inmate commences a civil action or appeal against a government entity or employee and if the inmate's claim in the civil action or the inmate's claim in the civil action that is being appealed is subject to the grievance system for the state correctional institution, jail, workhouse, or violation sanction center in which the inmate is confined, the inmate shall file both of the following with the court:

**{¶22}** "(1) An affidavit stating that the grievance was filed and the date on which the inmate received the decision regarding the grievance.

**{¶23}** "(2) A copy of any written decision regarding the grievance from the grievance system."

**{¶24}** In this case, appellant failed to file an affidavit with his complaint complying with R.C. 2969.26(A)(1) and failed to make any mention in his complaint whether he had in fact filed a grievance.

**{¶25}** R.C. 2969.25(A) provides in part:

**{¶26}** "(A) At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court."

**{¶27}** And R.C. 2969.25(C) provides in part:

**{¶28}** "(C) If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency."

{¶29} Appellant failed to comply with both of these R.C. 2969.25 sections.

{¶30} Because appellant failed to comply with R.C. 2969.26 and R.C. 2969.25(A)(C), dismissal of his complaint was clearly warranted. The question then becomes whether the court erred in dismissing the complaint with prejudice.

{¶31} In his complaint, the only relief appellant sought was "an investigation to be enforced with results." If the court dismissed appellant's complaint without prejudice, one of the defects appellant would have to cure would be to complete the grievance procedure. The inmate grievance procedure is set out in Ohio Admin. Code 5120-9-31. It is a three-step process.

{¶32} Step one is the filing of an informal complaint. Ohio Admin. Code 5120-9-31(K)(1). The informal complaint is to be filed within 14 days of the incident giving rise to the complaint. The staff must then respond to the informal complaint within seven days.

{¶33} Step two is to obtain a notification of grievance, if the inmate is unsatisfied with the resolution of the informal complaint. Ohio Admin. Code 5120-9-31(K)(2). The notification of grievance is to be filed within 14 days of the informal complaint response. The inspector of institutional services shall provide a written response to the grievance within 14 days of receipt. The written response shall, among other things, "*describe what steps were taken to investigate the complaint* and the inspector of institutional service's findings and decision." (Emphasis added.) Ohio Admin. Code 5120-9-31(K)(2).

{¶34} Step three is the filing of an appeal of the disposition of grievance. Ohio Admin. Code 5120-9-31(K)(3). This appeal must be filed within 14 days of the disposition of grievance.

{¶35} Clearly, under the timelines of the grievance procedure, appellant would be too late to complete it. The alleged incident occurred on April 22, 2009. Thus, he

would be unable to comply with R.C. 2969.26's exhaustion of administrative remedies condition to filing a complaint.[1]

**{¶36}** Furthermore, if appellant was able to complete the grievance procedure, he would obtain the result he sought in his complaint. The resolution of the grievance would necessarily include an investigation. See Ohio Admin. Code 5120-9-31(K)(2). And an investigation was the only relief he sought in his complaint.

**{¶37}** Thus, appellant's second assignment of error is without merit.

**{¶38}** Appellant's third assignment of error states:

**{¶39}** "THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED TO APPELLANT'S PREJUDICE WHEN THE COURT DISMISSED APPELLANT'S COMPLAINT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES AS REQUIRED BY OHIO REVISED CODE §2969.26(A)."

**{¶40}** Appellant contends that instead of dismissing his complaint, the court was under a statutory obligation to stay the proceedings for 180 days to allow him time to exhaust the grievance system. Citing, R.C. 2969.26(B).

**{¶41}** R.C. 2969.26(B) provides that if a civil action is commenced "before the grievance system process is complete, the court shall stay the civil action * * * for a period not to exceed one hundred eighty days to permit the completion of the grievance system process."

**{¶42}** According to R.C. 2969.26(B), it might appear that the court should have stayed appellant's civil action for 180 days to allow him to complete the grievance process. However, two facts must be considered.

**{¶43}** First, the trial court not only dismissed appellant's complaint for non-compliance with R.C. 2969.26 but also for non-compliance with R.C. 2969.25(A) and

---

1 It should be noted that appellant attached to his response to appellee's answer a copy of an informal complaint that he filed on June 14, 2009. The informal complaint contains the resolution whereby appellant was given directions to follow in regard to his allegations and was instructed that if this informal complaint was not resolved to his satisfaction, he could address it in compliance with Ohio Admin. Code 5120-9-31. Thus, it appears that appellant did initially begin the grievance procedure but never followed through with it.

(C). Thus, the trial court had two other valid reasons for dismissing appellant's complaint.

**{¶44}** Second, the copy of the informal complaint appellant attached to his response to appellee's answer indicates that appellant was given directions to follow in regard to his allegations and was instructed that if the informal complaint was not resolved to his satisfaction, he could address it in compliance with Ohio Admin. Code 5120-9-31. This informal complaint was filed on June 14, 2009. Appellant filed his complaint in the trial court on September 29, 2009. The court did not dismiss appellant's complaint until March 9, 2010. If appellant was going to complete the grievance procedure, given the time limits for doing so, he should have completed it by the time he filed his complaint. And even if the court had granted a stay upon receiving appellant's complaint, it did not enter its dismissal order until 162 days had passed. Thus, appellant had, in effect, 162 additional days to complete the grievance process.

**{¶45}** Accordingly, appellant's third assignment of error is without merit.

**{¶46}** Appellant's fourth assignment of error states:

**{¶47}** "THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S COMPLAINT WITH PREJUDICE AND FORECLOSING APPELLANT'S ACCESS TO THE COURT BY DENYING APPELLANT'S FOLLOWING MOTIONS: MOTION TO BE PRESENT AT THE HEARING, MOTION FOR COUNSEL AND MOTION TO CONVEY OR ORDER VIA TELEPHONE HEARING."

**{¶48}** In his final assignment of error, appellant argues that the trial court should have allowed him his day in court either by permitting him to be present, permitting him to participate via telephone, or appointing him counsel.

**{¶49}** Firstly, there is no constitutional right to appointed counsel in a civil case between individual litigants. *Kuzniak v. Midkiff*, 7th Dist. No. 05-MA-217, 2006-Ohio-6133, at ¶13. Therefore, the trial court did not err in denying appellant's request for appointed counsel.

**{¶50}** Secondly, the court did not hold a hearing on appellee's motion to dismiss. In a February 2, 2010 judgment entry, the trial court set a hearing date of March 10, 2010. In the meantime, appellee filed its motion to dismiss. The trial court then dismissed appellant's complaint on March 9, 2010. Thus, the March 10 hearing never occurred. Appellant could not have a right to participate in a hearing that never took place. Furthermore, a person who is incarcerated has no absolute right to appear at a hearing on a civil action. *Parker v. Jamison*, 4th Dist. No. 02CA002857, 2003-Ohio-7295, at ¶20 citing *Mancino v. Lakewood* (1987), 36 Ohio App.3d 219, 221.

**{¶51}** Accordingly, appellant's fourth assignment of error is without merit.

**{¶52}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Vukovich, J., concurs.

DeGenaro, J., concurs.