[Cite as *State ex rel. Sloan v. Mohr*, 2017-Ohio-7504.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE EX REL., MARSHALL SLOAN, | ) ) | CASE NO. 16 BE 0055 |
| RELATOR, | ) ) ) | |
| VS. | ) ) | OPINION AND JUDGMENT ENTRY |
| GARY MOHR, DIRECTOR, OHIO DEPARTMENT OF REHABILITATION AND CORRECTION, | ) ) ) ) | |
| RESPONDENT. | ) ) | |

CHARACTER OF PROCEEDINGS:     Writ of Mandamus.

JUDGMENT:     Dismissed.

APPEARANCES:

For Relator:

Marshall Soan, *pro se*
A652-013
P.O. Box 540
St. Clairsville, Ohio  43950

For Respondent:

Atty. Debra Gorrell Wehrle
Assistant Attorney General
Criminal Justice Section, Corrections Unit
150 East Gay Street, 16th Floor
Columbus, Ohio  43215

JUDGES:

Hon. Carol Ann Robb
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated:  August 28, 2017

PER CURIAM.

{¶1} Relator Marshall Sloan, a prison inmate at Ohio's Belmont Correctional Institution, has filed a pro se petition for a writ of mandamus seeking to have this Court compel Respondent Gary Mohr, Director of the Ohio Department of Rehabilitation and Corrections, to provide him specific medical treatment and twenty-four hour access to toilet facilities. Respondent has filed a motion to dismiss.

{¶2} The bulk of Relator's 200-page pro se complaint (including exhibits) addresses his medical claim. Relator alleges he has Hepatitis C and liver cirrhosis. He seeks specific diagnostic testing and to be treated with a specific set of medications. According to exhibits attached to his complaint, Relator is a "non responder" to a previous treatment attempt and is experiencing elevated ammonia levels which are being treated with a certain medication. Medical personnel at the prison have indicated that the medications Relator seeks to be treated with are not on the drug formulary list and, therefore, cannot be provided to him. Relator also seeks unfettered twenty-four hour access to toilet facilities.

{¶3} Respondent characterizes Relator's medical claim as a 42 U.S.C. 1983 medical indifference claim for which Relator has an adequate remedy at law in federal court. Concerning Relator's claim about the toilet facilities, Respondent argues that Relator also has an adequate remedy at law in the form of the inmate grievance procedure.

{¶4} A writ of mandamus is an extraordinary remedy which should be exercised with caution and issued only when the right is clear. *State ex rel. Brown v. Ashtabula Cty. Bd. of Elections*, 142 Ohio St. 3d 370, 2014-Ohio-4022, 31 N.E.3d 596, ¶ 11. Entitlement to a writ of mandamus requires the relator to demonstrate: (1) they have a clear legal right to the relief, (2) the respondent has a clear legal duty to provide that relief, and (3) they have no adequate remedy at law. *State ex rel. Taxpayers for Westerville Schools v. Franklin Cty. Bd. of Elections,* 133 Ohio St.3d 153, 2012-Ohio-4267, 976 N.E.2d 890, ¶ 12.

{¶5} Respondent has filed a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted. A Civ.R. 12(B)(6) motion to dismiss

for failure to state a claim upon which relief can be granted tests only the legal sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.,* 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992). For a court to dismiss on this basis, "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. Univ. Community Tenants Union, Inc.,* 42 Ohio St.2d 242, 327 N.E.2d 753 (1975), syllabus. In ruling on a Civ.R. 12(B)(6) motion, the court must accept the factual allegations contained in the complaint as true and draw all reasonable inferences from these facts in favor of the plaintiff. *Mitchell v. Lawson Milk Co.,* 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988). If there is a set of facts consistent with the complaint that would allow for recovery, the court must not grant the motion to dismiss. *York v. Ohio State Hwy. Patrol,* 60 Ohio St.3d 143, 144, 573 N.E.2d 1063 (1991).

*Failure to Exhaust Prison Inmate Grievance Procedure*

**{¶6}** As an initial matter, we note Relator's complaint must be dismissed because he failed to include an affidavit establishing he has exhausted the prison inmate grievance procedure. Pursuant to R.C. 2969.26(A), if an inmate commences a civil action or appeal against a governmental entity or employee, and if the inmate's claim is subject to the grievance procedure system, the inmate must file: (1) an affidavit stating the grievance was filed, along with the date on which the decision regarding the grievance was received; and (2) a copy of any written decision received regarding the grievance from the grievance system.

**{¶7}** The inmate grievance procedure is designed to address inmate complaints related to any aspect of institutional life that directly and personally affects the grievant. It is a three-step process set out in Ohio Admin.Code 5120-9-31. Step one is the filing of an informal complaint. Ohio Admin.Code 5120-9-31(K)(1). The informal complaint is to be filed within fourteen days of the incident giving rise to the complaint. The staff must then respond to the informal complaint within seven days. Step two is to obtain a notification of grievance, if the inmate is unsatisfied with the resolution of the informal complaint. Ohio Admin. Code 5120-9-31(K)(2). The notification of grievance is to be filed within fourteen days of the informal complaint

response. The inspector of institutional services shall provide a written response to the grievance within fourteen days of receipt. Step three is the filing of an appeal of the disposition of grievance to the office of the Chief Inspector of ODRC. Ohio Admin.Code 5120-9-31(K)(3). This appeal must be filed within fourteen days of the disposition of grievance. An inmate does not exhaust his remedies under Ohio Admin.Code 5120-9-31 until he has received a decision in an appeal to the office of the Chief Inspector.

{¶8} Relator argues that the grievance procedure is arbitrary and futile. However, compliance with R.C. 2969.26's affidavit requirement is mandatory and the failure to satisfy this statutory requirement is grounds for dismissal. *McKinney v. Noble Corr. Inst.*, 7th Dist. No. 10 NO 370, 2011-Ohio-3174, ¶ 14.

{¶9} Relator has failed to comply with R.C. 2969.26(A). Nothing in his complaint or the exhibits attached to the complaint reflects that he has pursued the inmate grievance procedure concerning his claim about toilet access. While he has attached as exhibits to his complaint various copies purportedly documenting his pursuit of relief under the grievance system concerning his medical issues, he has not included with his complaint any affidavit attesting to his having exhausted his remedies under the grievance system. Notably, Relator included a form letter he received from the Office of the Chief Inspector informing him that his appeal was being returned to him for failure to properly follow the steps outlined in Ohio Admin.Code 5120-9-31 and instructing him on how to proceed. While it is apparent Relator has undertaken some steps of the grievance procedure concerning his medical issues, Relator did not obtain a final decision from the Office of the Chief Inspector addressing the merits of his grievance. In other words, even if Relator had included the required affidavit, the exhibits attached to his complaint reflect he has not yet exhausted the grievance procedure.

*Medical Indifference*

{¶10} Concerning Relator's claim for specific medical treatment, Respondent characterizes it as a medical indifference claim; the type of claim brought by prison

inmates pursuant to 42 U.S.C. 1983 in federal courts. Relator insists his claim is premised upon state law, specifically R.C. 2921.44(C)(2) and R.C. 2921.45.

**{¶11}** R.C. 2921.44(C)(2) provides:

(C) No officer, having charge of a detention facility, shall negligently do any of the following:

* * *

(2) Fail to provide persons confined in the detention facility with adequate food, clothing, bedding, shelter, and medical attention[.]

**{¶12}** R.C. 2921.45 provides:

(A) No public servant, under color of his office, employment, or authority, shall knowingly deprive, or conspire or attempt to deprive any person of a constitutional or statutory right.

(B) Whoever violates this section is guilty of interfering with civil rights, a misdemeanor of the first degree.

**{¶13}** Both R.C. 2921.44(C)(2) and R.C. 2921.45 are criminal statutes. Mandamus is not the appropriate vehicle for seeking compliance with criminal statutes. *See State ex rel. Ohio Soc. for Prevention of Cruelty to Animals, Inc. v. Harrison Cty. Bd. of Commrs.*, 7th Dist. No. 10 HA 2, 2011-Ohio-6029, ¶ 18. Furthermore, mandamus will not issue to compel someone to follow the law generally. *Id.*, citing *State ex rel. Lewis v. Bd. of Jackson Cty. Commrs.,* 4th Dist. No. 98CA830, 2002-Ohio-1424.

**{¶14}** Concerning these types of claims, the Ohio Supreme Court has held that there exists an adequate remedy at law:

"[S]tate prisoners challenging the conditions of their confinement have an adequate legal remedy by way of an action under Section 1983, Title 42, U.S. Code." *Douglas v. Money* (1999), 85 Ohio St.3d 348, 349, 708 N.E.2d 697, citing *State ex rel. Carter v. Schotten* (1994),

70 Ohio St.3d 89, 637 N.E.2d 306; see, also, *State ex rel. Bruni v. Leonard* (1997), 80 Ohio St.3d 475, 476, 687 N.E.2d 441 ("Bruni possessed an adequate legal remedy by way of a federal civil rights action under Section 1983, Title 42, U.S.Code, to raise his Eighth Amendment claim"). The United States Supreme Court has recognized that deliberate indifference to serious medical needs of prisoners is proscribed by the Eighth Amendment to the United States Constitution and states a cause of action under Section 1983, Title 42, U.S.Code. *Estelle v. Gamble* (1976), 429 U.S. 97, 104-105, 97 S.Ct. 285, 50 L.Ed.2d 251; see, also, *Williams v. Terrebonne Parish Sheriff's Office* (E.D.La.2006), No. Civ.A. 04–1173, 2006 WL 622777, *4 (Section 1983 permits recovery for serious physical harm to prisoner caused intentionally or with deliberate indifference in provision of medical care).

*Waites v. Gansheimer*, 110 Ohio St.3d 250, 2006-Ohio-4358, 852 N.E.2d 1204, ¶ 6 (2006).

*Failure to State a Claim*

{¶15} Even if we were able to reach the merits of Relator's claim, it is apparent he has not alleged facts which could sustain such a cause of action. The exhibits attached to Relator's complaint reflect he has received medical treatment for his conditions; thus, contradicting his claim of medical indifference. The crux of Relator's complaint is he has a different opinion than that of the prison's medical personnel on the specific course of his treatment. However, it is well settled that a difference of opinion concerning an inmate's medical diagnosis and treatment does not rise to the level of a constitutional claim. *Estelle v. Gamble*, 429 U.S. 97, 107, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Watson v. Ulep*, 786 F.2d 1167 (6th Cir.1986).

{¶16} In sum, Relator's complaint must be dismissed for his failure to include an affidavit required by R.C. 2969.26(A) establishing he has exhausted the prison inmate grievance procedure. Additionally, to the extent Relator's complaint can be construed as a medical indifference claim, he has an adequate remedy at law by way of a 42 U.S.C. 1983 cause of action in federal court.

{¶17} Relator's complaint for a writ of mandamus is dismissed. Costs taxed against Relator. Final order. Clerk to serve copies of this decision and judgment entry pursuant to the civil rules.

Robb, P.J., concurs.

Donofrio, J., concurs.

DeGenaro, J., concurs.