**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Howard v. Turner,* Slip Opinion No. 2019-Ohio-759.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-759

THE STATE EX REL. HOWARD, APPELLANT, *v*. TURNER, WARDEN ET AL.,

APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Howard v. Turner,* Slip Opinion No. 2019-Ohio-759.]**

*Mandamus—An inmate's failure to comply with R.C. 2969.26(A) warrants dismissal—Court of appeals' dismissal of petition affirmed.*

(No. 2018-0824—Submitted January 29, 2019—Decided March 6, 2019.)

APPEAL from the Court of Appeals for Marion County, No. 9-18-04.

_____

**Per Curiam.**

**{¶ 1}** We affirm the Third District Court of Appeals' judgment dismissing the complaint of appellant, Jeffery L. Howard, for a writ of mandamus.

**{¶ 2}** Howard is an inmate at the North Central Correctional Institution.  In February 2018, Howard filed a complaint for a writ of mandamus against three employees of the North Central Correctional Institution: appellees, Warden Neil

Turner, Inspector Lorri Shuler, and Finance Manager R. Boden (collectively, "NCCI"). Howard alleged that NCCI improperly reduced his inmate-account balance, leaving him without money to pay for copies of grievances and decisions. Howard made ten requests for relief, generally seeking the return of his inmate funds, to prevent NCCI from reducing his account to zero, and to provide free grievance and disciplinary forms.

{¶ 3} NCCI moved to dismiss Howard's complaint under Civ.R. 12(B)(6). In May 2018, the court of appeals granted the motion for three reasons, including Howard's failure to attach a proper affidavit as required by R.C. 2969.26(A).

{¶ 4} R.C. 2969.26(A) requires that if an inmate commences a civil action against a government entity and the claim is subject to the prison's grievance system, the inmate "shall file both" of the following with the complaint: "(1) [a]n affidavit stating that the grievance was filed and the date on which the inmate received the decision regarding the grievance" and "(2) [a] copy of any written decision regarding the grievance from the grievance system."

{¶ 5} Howard acknowledges that his claims were subject to the institution's grievance process. Howard admits that he did not comply with R.C. 2969.26(A) but argues that the statute's requirements should not apply to him, because he is unable to pay for copies of the required grievance decisions since he has no funds in his inmate account. Howard cites no statutes or administrative rules to support his argument.

{¶ 6} R.C. 2969.26(A) uses the word "shall," which is mandatory, *Miller v. Miller*, 132 Ohio St.3d 424, 2012-Ohio-2928, 973 N.E.2d 228, ¶ 28. Accordingly, courts of appeals have uniformly concluded that the failure to follow the requirements of R.C. 2969.26(A) warrants dismissal of the inmate's action. *Hamilton v. Wilkinson*, 10th Dist. Franklin No. 04AP-502, 2004-Ohio-6982, ¶ 12; *Warwick v. DeWitt*, 4th Dist. Ross No. 01CA2613, 2002 WL 59667, *2 (Jan. 15, 2002); *Boylen v. Ohio Dept. of Rehab. & Corr.*, 182 Ohio App.3d 265, 2009-Ohio-

2

1953, 912 N.E.2d 624, ¶ 28-29 (5th Dist.); *Blackford v. Noble Corr. Inst.*, 7th Dist. Noble No. 10-NO-373, 2011-Ohio-3369, ¶ 20; *State ex rel. Bloodworth v. Bogan*, 12th Dist. Warren No. CA2016-05-043, 2017-Ohio-7810, ¶ 26. We agree and hold that compliance with R.C. 2969.26(A) is mandatory and that an inmate's failure to comply with the statute warrants dismissal of the inmate's action.

**{¶ 7}** The court of appeals correctly dismissed Howard's complaint due to noncompliance with R.C. 2969.26(A).

Judgment affirmed.

O'CONNOR, C.J., and FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

KENNEDY, J., concurs in judgment only.

_____

Jeffery L. Howard, pro se.

Mansour Gavin, L.P.A., and Edward O. Patton, for appellees.

_____