[Cite as *Howard v. Mgt. & Training Corp.*, 2019-Ohio-4408.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

JEFFERY L. HOWARD,

    PLAINTIFF-APPELLANT,           CASE NO. 9-19-40

    v.

MANAGEMENT AND TRAINING
CORPORATION, ET AL.,           O P I N I O N

    DEFENDANTS-APPELLEES.

Appeal from Marion County Common Pleas Court
Trial Court No. 2016CV0519

**Judgment Affirmed**

Date of Decision: October 28, 2019

**APPEARANCES:**

    *Jeffrey L. Howard* Appellant

    *Edward O. Patton* for Appellees, Management and Training
    Corporation, et al.,

**SHAW, J.**

{¶1} Plaintiff-appellant, Jeffery L. Howard, appeals the June 14, 2019 judgment of the Marion County Court of Common Pleas granting the motion to dismiss his complaint filed by defendants-appellees, Management and Training Corporation, et al. ("collectively referred to as "MTC" or "Appellees"), on the basis that Howard failed to comply with the mandates of R.C. 2969.25 and R.C. 2969.26.

{¶2} Howard is an inmate at the North Central Correctional Complex ("NCCC"), which is operated by MTC. In 2017, Howard first initiated this civil suit for monetary damages in the Marion County Court of Common Pleas, alleging that Appellees violated his First, Eighth, and Fourteenth Amendment rights under the United States Constitution. The case was removed to Federal District Court where all but two state claims were dismissed through summary judgment.[1]

{¶3} On April 2, 2019, the District Court remanded the remaining claims to the Common Pleas Court, which involved Howard's allegations, premised upon a theory of common law negligence, that he was not provided with appropriate prison-issued winter footwear and that he received inadequate medical care for the osteoarthritis in his feet. Howard also alleged that the Chief Inspector and MTC

---

[1] The record reveals that the District Court granted summary judgment in favor of Appellees on the basis that Howard's claims were either time-barred or did not state a claim for which relief could be granted. (Doc. No. 23).

negligently hired, supervised, retained, and disciplined personnel employed at the correctional facility.

{¶4} On May 10, 2019, Appellees filed a motion to dismiss Howard's claim pursuant to Civ.R. 12(B)(6).

{¶5} On June 14, 2019, the Common Pleas Court granted Appellees' motion to dismiss the complaint on the grounds that Howard failed "to exhaust all administrative remedies prior to commencing an action pursuant to R.C. 2969.25 and 2969.26(A)." (Doc. No. 31).

{¶6} Howard filed this appeal, asserting the following assignments of error.

**ASSIGNMENT OF ERROR NO. ONE**

**COURT COMMITTED PLAIN ERROR DISMISSING APPELLANT'S COMPLAINT FOR FAILURE TO EXHAUST AND FAILURE TO COMPLY WITH O.R.C. 2969.26(A)(2).**

**ASSIGNMENT OF ERROR NO. TWO**

**COURT DISMISSAL FOR FAILURE TO EXHAUST WAS ERRONEOUS AND INJUDICIOUS.**

**ASSIGNMENT OF ERROR NO. THREE**

**THE TRIAL COURT DISMISSAL OF APPELLANT'S COMPLAINT PURSUANT TO OHIO REVISED CODE—ORC 2969.25 AND 2969.26(A)(1&2) IS ERRONEOUS AND PLAIN ERROR.**

**ASSIGNMENT OF ERROR NO. FOUR**

**THE TRIAL COURT ABUSED ITS DISCRETION DISMISSAL [SIC] APPELLANT'S COMPLAINT PURSUANT TO O.R.C. 2969.26(A)(2).**

**ASSIGNMENT OF ERROR NO. FIVE**

**THE TRIAL COURT DEPENDENCE ON CASE THAT HAD NO PRECEDENTIAL VALUE WAS ERRONEOUS AND PLAIN ERROR.**

{¶7} Due to the fact all the assignment of errors challenge the Common Pleas Court's decision to grant Appellees' motion to dismiss the complaint, we elect to address them together.

*First, Second, Third, Fourth and Fifth*
*Assignments of Error*

{¶8} On appeal, Howard claims the Common Pleas Court erred in granting Appellees' motion to dismiss the complaint. Initially, we note that in his brief Howard appears to conflate his arguments pertaining to his Federal Constitutional claims dismissed by the District Court with the negligence claims handled by the Common Pleas Court. As previously stated, this appeal only concerns the state negligence claims raised by Howard that were resolved by the Common Pleas Court.

*Standard of Review*

{¶9} A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests only the legal sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992).

For a court to dismiss on this basis, "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. In ruling on a Civ.R. 12(B)(6) motion, the court must accept the factual allegations contained in the complaint as true and draw all reasonable inferences from these facts in favor of the plaintiff. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). If there is a set of facts consistent with the complaint that would allow for recovery, the court must not grant the motion to dismiss. *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 144 (1991).

*Failure to Exhaust Prison Inmate Grievance Procedure*

{¶10} The Common Pleas Court granted the motion to dismiss Howard's complaint on the grounds he failed to establish that he exhausted all administrative remedies through the prison inmate grievance procedure prior to commencing an action pursuant to R.C. 2969.26(A). R.C. 2969.26(A) provides that if an inmate commences a civil action or appeal against a governmental entity or employee, and if the inmate's claim is subject to the grievance procedure system, the inmate must file: (1) an affidavit stating the grievance was filed, along with the date on which the decision regarding the grievance was received; and (2) a copy of any written decision received regarding the grievance from the grievance system.

{¶11} The inmate grievance procedure is designed to address inmate complaints related to any aspect of institutional life that directly and personally affects the grievant. It is a three-step process set out in Ohio Admin.Code 5120-9-31. Step one is the filing of an informal complaint. Ohio Admin.Code 5120-9-31(J)(1). The informal complaint is to be filed within fourteen days of the incident giving rise to the complaint. The staff must then respond to the informal complaint within seven days. Step two is to obtain a notification of grievance, if the inmate is unsatisfied with the resolution of the informal complaint. Ohio Admin. Code 5120-9-31(J)(2). The notification of grievance is to be filed within fourteen days of the informal complaint response. The inspector of institutional services shall provide a written response to the grievance within fourteen days of receipt. Step three is the filing of an appeal of the disposition of grievance to the office of the Chief Inspector of ODRC. Ohio Admin.Code 5120-9-31(J)(3). This appeal must be filed within fourteen days of the disposition of grievance.

{¶12} Notably, an inmate does not exhaust his remedies under Ohio Admin.Code 5120-9-31 until he has received a decision in an appeal to the office of the Chief Inspector. *State ex rel. Sloan v. Mohr*, 7th Dist. Belmont No. 16 BE 0055, 2017-Ohio-7504, ¶ 7. The Supreme Court of Ohio has recently held, in another matter involving the same parties in the case *sub judice*, that "compliance with R.C. 2969.26(A) is mandatory and that an inmate's failure to comply with the statute

warrants dismissal of the inmate's action." *State ex rel. Howard v. Turner*, 156 Ohio St. 3d 285, 2019-Ohio-759, ¶ 6.

**{¶13}** Here, the record demonstrates that Howard has failed to comply with R.C. 2969.26(A). Nothing in his complaint nor the exhibits attached to the complaint reflects that he has pursued the inmate grievance procedure concerning his negligence claims. While Howard has attached as exhibits to his complaint various copies purportedly documenting his pursuit of relief under the grievance system concerning his Federal Constitutional claims, he has not included with his complaint any documents demonstrating his efforts to administratively resolve his state negligence claims nor has he included an affidavit attesting to his having exhausted his remedies under the grievance system with respect to these claims. Therefore, the record supports the Common Pleas Court's determination that Howard failed to comply with R.C. 2969.26(A).

*Affidavit of Prior Civil Actions*

**{¶14}** In addition, R.C. 2969.25(A) requires that *at the time an inmate commences a civil action against a government entity or employee*, the inmate must file an affidavit that contains a (1) a brief description of the nature of the civil action or appeal; (2) the case name, case number, and the court in which the civil action or appeal was brought; (3) the name of each party to the civil action or appeal; and (4) the outcome of the civil action or appeal. "The requirements of R.C. 2969.25 are

mandatory and failure to comply with them requires dismissal of an inmate's complaint." *State ex rel. Hall v. Mohr*, 140 Ohio St.3d 297, 2014-Ohio-3735, ¶ 4. "[T]he affidavit required by R.C. 2969.25(A) must be filed at the time the complaint is filed, and an inmate may not cure the defect by later filings." *Id.*, citing *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, ¶ 9. Here, the record indicates that Howard failed to file an affidavit in compliance with R.C. 2969.25(A) when he initiated this lawsuit by filing his complaint. Accordingly, we find that the trial court's decision to dismiss the complaint for the failure to comply with R.C. 2969.25(A) is supported by the record.

*Failure to State a Claim*

{¶15} Even assuming Howard complied with the statutory mandates previously discussed, he failed to allege in his complaint any operative facts to substantiate his claim that the Chief Inspector and MTC has negligently hired, supervised, retained, and disciplined NCCC personnel. Specifically, Howard has failed to plead sufficient facts to demonstrate incompetence of the employee, actual or constructive knowledge of the incompetence on behalf of the employer, and an act of omission by the employee. *See, Kingston Mound Manor I v. Keeton*, 4th Pickaway No. 18CA15, 2019-Ohio-3260, ¶ 33 (setting forth the elements of a negligent hiring, retention, or supervision claim).

{¶16} Based on the foregoing, we conclude that the trial court did not err in dismissing Howard's complaint on the grounds he failed to comply with the requirements of R.C. 2969.25 and 2969.26. Accordingly, the assignments of error are overruled and the judgment of the trial court is affirmed.

***Judgment Affirmed***

**PRESTON and WILLAMOWSKI, J.J., concur.**

**/jlr**