[Cite as *State ex rel. Long v. Turner*, 2021-Ohio-470.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

STATE EX REL. STEPHEN LONG,

    RELATOR-APPELLEE,                     CASE NO. 9-20-17

    v.

NEIL TURNER, WARDEN/
MANAGER OFFICER,                           **O P I N I O N**

    RESPONDENT-APPELLANT.


Appeal from Marion County Common Pleas Court
Trial Court No. 2019 CV 0680

Judgment Reversed and Cause Remanded

Date of Decision:   February 22, 2021


APPEARANCES:

    *Michael P. Quinlan* for Appellant

    *Patrick T. Clark* for Appellee

    *Thomas E. Madden* urging reversal for amicus curiae Ohio Dept. of
Rehab. & Corr.

Case No. 9-20-17

**ZIMMERMAN, J.**

{¶1} Respondent-appellant, Neil Turner ("Turner"), Warden at North Central Correctional Complex ("NCCC"), appeals the May 7, 2020 judgment entries of the Marion County Court of Common Pleas granting Relator-appellee, Stephen Long's ("Long") motion for summary judgment and writ of mandamus and denying Turner's motion for summary judgment.[1]  For the reasons that follow, we reverse.

{¶2} This case stems from the garnishment of Long's funds located in an inmate account for a debt arising out of a judgment ordering Long to pay court costs in two criminal cases from Wood County Common Pleas Court.

{¶3} On October 24, 2019, Long filed a petition for a writ of mandamus against Turner commanding that NCCC cease seizing exempted funds from his inmate account and pay him damages.  (Doc. No. 1).  Turner filed a response to the writ that same day.  (Doc. No. 2).

{¶4} On December 6, 2019, Long filed a motion for summary judgment in the trial court.  (Doc. No. 6).  Turner filed his memorandum in opposition to Long's motion and a cross-motion for summary judgment on February 4, 2020.  (Doc. No. 10).  Long filed memorandums in opposition to Turner's motion for summary

---

[1] At all times relevant to this proceeding and based on our review of the record, Long is an inmate incarcerated at NCCC.

judgment on February 11 and March 25, 2020. (Doc. Nos. 12, 16). On May 7, 2020, the trial court granted Long's motion for summary judgment, issued a writ of mandamus (against Turner) and denied Turner's motion for summary judgment. (Doc. No. 17, 18, 19).

{¶5} Turner filed its notice of appeal on June 8, 2020 and raises two assignments of error for our review, which we will address together.[2] (Doc. No. 22).

**Assignment of Error No. I**

**The trial court erred in determining that NCCC, as operated by MTC, is an "other person" under R.C. 2329.66(A)(3), permitting Appellee Long to claim a $400 exemption, rather than the $25 exemption under OAC 5120-5-03(D) and (E).**

**Assignment of Error No. II**

**The trial court erred in finding that OAC 5120-5-03(D) and (E) conflict with R.C. 5120.133.**

{¶6} In its assignments of error, Turner argues that the trial court erred by granting Long's motion for summary judgment.

*Standard of Review*

---

[2] Amicus curiae Annette Chambers-Smith, Director of the Ohio Department of Rehabilitation and Correction ("ODRC") also filed a brief in this appeal. (*See* Case No. 9-20-17, JE, Aug. 4, 2020) (dismissing ODRC's notice of appeal filed on July 10, 2020, denying ODRC's motion to intervene filed on July 15, 2020, and granting leave to file a merit brief as amicus curiae pursuant to App.R. 17 in support of Turner's appeal).

{¶7} We review a decision to grant summary judgment de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 390 (2000). "De novo review is independent and without deference to the trial court's determination." *ISHA, Inc. v. Risser*, 3d Dist. Allen No. 1-12-47, 2013-Ohio-2149, ¶ 25, citing *Costner Consulting Co. v. U.S. Bancorp*, 195 Ohio App.3d 477, 2011-Ohio-3822, ¶ 10 (10th Dist.). Summary judgment is proper where there is no genuine issue of material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can reach but one conclusion when viewing the evidence in favor of the non-moving party, and the conclusion is adverse to the non-moving party. Civ.R. 56(C); *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 219 (1994).

*Analysis*

{¶8} Upon review of the record, we reverse the May 7, 2020 judgments of the Marion County Court of Common Pleas *sua sponte* without reaching the merits of Turner's appeal on the basis that Long failed to attach the necessary affidavits under R.C. 2969.25 and 2969.26 to his original action. We conclude Long's mandamus action against Turner should have been dismissed by the trial court as a result of Long's failure to comply with the statutory requirements for an inmate civil action as required by R.C. 2969.25 and 2969.26. *State ex rel. McGrath v. McDonnell*, 126 Ohio St.3d 511, 2010-Ohio-4726, ¶ 2-3, citing R.C. 2969.25. *See Howard v. Management and Training Corporation*, 3d Dist. Marion No. 9-19-40,

2019-Ohio-4408, ¶ 12, quoting *State ex rel. Howard v. Turner*, 156 Ohio St.3d 285, 2019-Ohio-759, at ¶ 6, citing R.C. 2969.26(A) and ¶ 14, quoting *State ex rel. Hall v. Mohr*, 140 Ohio St.3d 297, 2014-Ohio-3735, ¶ 4, citing R.C. 2969.25(A).

{¶9} Having found error herein in the particulars assigned and argued, we reverse the judgment of the trial court and remand this matter for further proceedings consistent with this opinion.

*Judgment Reversed and*
*Cause Remanded*

**WILLAMOWSKI, P.J. and SHAW, J., concur.**

**/jlr**