[Cite as *State v. Sealey*, 2022-Ohio-1166.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellant,            :

                                    No. 109670

    v.                              :

ANTOINE SEALEY, JR.,                    :

    Defendant-Appellee.             :

---

JOURNAL ENTRY AND OPINION EN BANC

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** April 7, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-644811-A

---

## *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Assistant Prosecuting Attorney, *for appellant.*

Cullen Sweeney, Cuyahoga County Public Defender, and Frank Cavallo, Assistant Public Defender, *for appellee.*

SEAN C. GALLAGHER, A.J.:

{¶ 1} The state of Ohio appeals the trial court's conclusion declaring the Reagan Tokes Law to be unconstitutional. For the following reasons, the trial court's decision is reversed and the matter remanded for further proceedings.

**{¶ 2}** Antoine Sealey, Jr., pleaded guilty to aggravated robbery in violation of R.C. 2911.01(A)(1), a first-degree felony, with a one-year firearm specification. The trial court concluded that the Reagan Tokes Law was unconstitutional and did not sentence Sealey under R.C. 2929.144 or 2929.14(A)(1)(a), instead reverting to the sentencing structure before the effective date of the Reagan Tokes Act. Sealey was sentenced to a definite term of three years in prison for the aggravated robbery and one year in prison for the firearm specification, to run consecutive to one another, resulting in an aggregate four-year term of imprisonment.

**{¶ 3}** The panel decision in *State v. Sealey*, 2021-Ohio-1949, 173 N.E.3d 894, ¶ 45 (8th Dist.), affirmed the trial court's decision, concluding that "the Reagan Tokes Law" violates Sealey's constitutional rights and, as a result, "the trial court's finding the Reagan Tokes Law unconstitutional is affirmed * * *." *Id.* at ¶ 44-45. Pursuant to App.R. 26, Loc.App.R. 26, and *McFadden v. Cleveland State Univ.*, 120 Ohio St.3d 54, 2008-Ohio-4914, 896 N.E.2d 672, this court sua sponte determined that the panel decision in *Sealey* conflicts with *State v. Gamble*, 8th Dist. Cuyahoga No. 109613, 2021-Ohio-1810, *State v. Simmons*, 8th Dist. Cuyahoga No. 109476, 2021-Ohio-939, and *State v. Wilburn*, 8th Dist. Cuyahoga No. 109507, 2021-Ohio-578, which overruled the same arguments advanced in this case.

**{¶ 4}** In this appeal, in support of the trial court's conclusion, Sealey claims, citing the Fourteenth Amendment to the United States Constitution and Article I, Section 16, of the Ohio Constitution, (1) that the Reagan Tokes Law violates the right to trial by jury, (2) that the Reagan Tokes Law violates the separation-of-powers

doctrine, or (3) that R.C. 2967.271(C) and (D), which provide offenders with the right to a hearing before imposition of the maximum term imposed under R.C. 2929.144, fail to provide the full panoply of constitutional pretrial rights in violation of their due process rights. We need not dwell on the arguments presented. Based on the authority established by this district's en banc holding in *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2021-Ohio-470, those challenges advanced against the constitutional validity of the Reagan Tokes Law have been overruled, contrary to the conclusions reached in *Sealey*, which was vacated through this court's majority en banc decision and is no longer the decision in this case. *See id.* at ¶ 17-51, 103; App.R. 26(A)(2).

{¶ 5} Upon review of the case under App.R. 26, the arguments presented in this case do not present novel issues or any new theory challenging the constitutional validity of the Reagan Tokes Law. As a result, Sealey's sentence imposed upon the aggravated robbery conviction without consideration of R.C. 2929.144 or 2929.14(A)(1)(a) is void. Sealey's sentence is therefore vacated. This case is remanded for a new sentencing hearing to be conducted in accordance with R.C. 2929.144, 2929.14(A)(1)(a), and all other applicable statutory sections.

{¶ 6} Vacated and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for further proceedings consistent with this opinion.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

SEAN C. GALLAGHER, ADMINISTRATIVE JUDGE

MARY J. BOYLE, FRANK DANIEL CELEBREZZE, III, EILEEN A. GALLAGHER, KATHLEEN ANN KEOUGH, CORNELIUS J. O'SULLIVAN, JR., and MICHELLE J. SHEEHAN, JJ., CONCUR;

LISA B. FORBES, EILEEN T. GALLAGHER, EMANUELLA D. GROVES, MARY EILEEN KILBANE, and ANITA LASTER MAYS, JJ., CONCUR IN JUDGMENT ONLY

N.B. Judge Lisa B. Forbes is constrained to apply *Delvallie*. For a full explanation, *see State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470 (Forbes, J., dissenting).

Judge Anita Laster Mays is constrained to apply *Delvallie's* en banc decision. For a full explanation of her analysis *see State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470.

Judge Eileen T. Gallagher joined the dissent by Judge Lisa B. Forbes in *Delvallie* and would have found that R.C. 2967.271(C) and (D) of the Reagan Tokes Law are unconstitutional.

Judge Emanuella D. Groves concurred with the opinions of Judge Lisa B. Forbes (dissenting) and Judge Anita Laster Mays (concurring in part and dissenting in part) in *Delvallie* and would have found the Reagan Tokes Law unconstitutional.

Judge Mary Eileen Kilbane joined the dissenting opinion by Judge Lisa B. Forbes and the concurring in part and dissenting in part opinion by Judge Anita Laster Mays in *Delvallie* and would have found the Reagan Tokes Law unconstitutional.