[Cite as *State v. Daniel*, 2022-Ohio-1165.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                                   No. 109583

    v.                           :

KEIWAUN DANIEL,                         :

    Defendant-Appellant.         :

---

EN BANC DECISION AND JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART, VACATED IN PART
**RELEASED AND JOURNALIZED:** April 7, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-640871-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Ashley Gilkerson Elias, Assistant Prosecuting Attorney, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, *for appellant*.

SEAN C. GALLAGHER, A.J.:

{¶ 1} Keiwaun Daniel appeals his three- to four-year prison sentence, imposed under R.C. 2929.144 challenging the constitutionality of the Reagan Tokes Law, as well as the no-contact order that the court imposed as part of his sentence.

The state concedes the error with respect to the no-contact order; however, based on this court's en banc policy, this opinion is divided into two parts: (1) the decision of the en banc court with respect to the constitutional validity of Daniel's final sentence, and (2) the decision of the merit panel resolving the no-contact order issue, which is outside the scope of the en banc review.

**Decision of the En Banc Court**

{¶ 2} After reviewing the facts of the case and pertinent law, we conclude that the Reagan Tokes Law does not violate Daniel's constitutional rights based on the arguments presented, and the panel decision in *State v. Daniel*, 2021-Ohio-1963, 173 N.E.3d 184, ¶ 46 (8th Dist.), because it was vacated by a majority of this court sitting en banc in *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2021-Ohio-470, ¶ 103, and is no longer the decision for this case. App.R. 26(A)(2).

{¶ 3} Daniel pleaded guilty to robbery in violation of R.C. 2911.02(A)(1), a second-degree felony, with a one-year firearm specification. The trial court held a sentencing hearing at which it was noted that although "[t]his Court has found in the past that Reagan Tokes is unconstitutional[,]" the court nonetheless sentenced Daniel to an indefinite prison term under R.C. 2929.144 and 2929.14(A)(2)(a), a minimum two-year term of imprisonment for the robbery and one year in prison for the firearm specification, to run consecutively, for a minimum prison sentence of three years and a maximum prison sentence of four years (the maximum term being calculated as 50 percent of the minimum term imposed under R.C. 2929.144(B)(1)).

{¶ 4} The panel decision in *Daniel,* however, vacated the sentence, concluding that "the Reagan Tokes Law does not satisfy the requirements of due process and, as such, violates Daniel's constitutional rights." *Id.* at ¶ 45. Pursuant to App.R. 26, Loc.App.R. 26, and *McFadden v. Cleveland State Univ.*, 120 Ohio St.3d 54, 2008-Ohio-4914, 896 N.E.2d 672, this court sua sponte determined that the panel decision in *Daniel* conflicts with *State v. Gamble*, 8th Dist. Cuyahoga No. 109613, 2021-Ohio-1810, *State v. Simmons*, 8th Dist. Cuyahoga No. 109476, 2021-Ohio-939, and *State v. Wilburn*, 8th Dist. Cuyahoga No. 109507, 2021-Ohio-578, in which Daniel's similar arguments challenging the constitutional validity of the Reagan Tokes Law were overruled.

{¶ 5} In this appeal, Daniel claims, citing the Fourteenth Amendment to the United States Constitution and Article I, Section 16, of the Ohio Constitution, (1) that the Reagan Tokes Law violates the right to trial by jury, (2) that the Reagan Tokes Law violates the separation-of-powers doctrine, or (3) that R.C. 2967.271(C) and (D), which provide offenders with the right to a hearing before imposition of the maximum term imposed under R.C. 2929.144, fail to provide the full panoply of constitutional pretrial rights in violation of their due process rights. We need not dwell on the arguments presented. Based on the authority established by this district's en banc holding in *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470, the challenges advanced against the constitutional validity of the Reagan Tokes Law have been overruled, contrary to the conclusions reached in *Daniel,* which is no longer the decision in this case. *See Delvallie* at ¶ 17-54, 103.

**{¶ 6}** Upon review of the case under App.R. 26, the arguments presented in this case do not present novel issues or any new theory challenging the constitutional validity of any aspect of the Reagan Tokes Law left unaddressed by *Delvallie*. As a result, Daniel's robbery conviction, imposed in compliance with the Reagan Tokes Law sentencing scheme, is not unconstitutional based on the arguments he presents. To secure and maintain uniformity of decisions within the district, we vacate the panel decision in *Daniel* and issue this decision as the final decision in this appeal based on the outcome reached in this court's en banc decision in *Delvallie*.

_____
SEAN C. GALLAGHER, ADMINISTRATIVE JUDGE

MARY J. BOYLE, FRANK DANIEL CELEBREZZE, III, EILEEN A. GALLAGHER, KATHLEEN ANN KEOUGH, CORNELIUS J. O'SULLIVAN, JR., and MICHELLE J. SHEEHAN, JJ., CONCUR;

LISA B. FORBES, EILEEN T. GALLAGHER, EMANUELLA D. GROVES, MARY EILEEN KILBANE, and ANITA LASTER MAYS, JJ., CONCUR IN JUDGMENT ONLY

N.B. Judge Lisa B. Forbes is constrained to apply *Delvallie*. For a full explanation, *see State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470 (Forbes, J., dissenting).

Judge Anita Laster Mays is constrained to apply *Delvallie's* en banc decision. For a full explanation of her analysis *see State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470.

Judge Eileen T. Gallagher joined the dissent by Judge Lisa B. Forbes in *Delvallie* and would have found that R.C. 2967.271(C) and (D) of the Reagan Tokes Law are unconstitutional.

Judge Emanuella D. Groves concurred with the opinions of Judge Lisa B. Forbes (dissenting) and Judge Anita Laster Mays (concurring in part and dissenting in part) in *Delvallie* and would have found the Reagan Tokes Law unconstitutional.

Judge Mary Eileen Kilbane joined the dissenting opinion by Judge Lisa B. Forbes and the concurring in part and dissenting in part opinion by Judge Anita Laster Mays in *Delvallie* and would have found the Reagan Tokes Law unconstitutional.

**Decision of the Merit Panel**

LISA B. FORBES, P.J.:

{¶ 7} Keiwaun Daniel ("Daniel") appeals his three- to four-year prison sentence, challenging the no-contact order that the trial court imposed as part of his sentence. The state of Ohio concedes this error. After reviewing the facts of the case and pertinent law, we find that the court erred by imposing a no-contact order in this case. The no-contact order is vacated, and this case is remanded to the trial court for proceedings consistent with this opinion.

## I. Facts and Procedural History

{¶ 8} On January 29, 2020, Daniel entered a guilty plea to robbery in violation of R.C. 2911.02(A)(1), a second-degree felony, with a one-year firearm specification. On February 13, 2020, the court sentenced Daniel to two-to-three years in prison for the robbery and one year in prison for the firearm specification, to run consecutively, for a minimum prison sentence of three years and a maximum prison sentence of four years. The court also imposed a no-contact order prohibiting any contact with the victim. It is from this sentence that Daniel appeals.

## II. Law and Analysis

{¶ 9} In his second assignment of error, Daniel argues the trial court erred by imposing a prison sentence while also imposing a no-contact order. The state concedes the trial court's error concerning this issue. In *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512, ¶ 32, the Ohio Supreme Court held that courts "cannot impose a prison term and a community-control sanction for the same offense." A no-contact order is a community-control sanction. *Id.* at ¶ 17.

{¶ 10} Daniel's second assignment of error is sustained.

{¶ 11} The no-contact order is vacated, and this case is remanded for further proceedings consistent with this opinion.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
EMANUELLA D. GROVES, J., CONCUR