JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Dr. Deborah Abdul Rahim ("Rahim"), appeals from the judgment of the Cuyahoga County Court of Common Pleas that denied her motion to vacate. For the reasons stated below, we dismiss the appeal.
 {¶ 2} On January 15, 2004, Rahim filed a complaint against appellees, Superior Restaurant Inc., John Doe No. 1 Owner of Restaurant, and John Doe No. 2 General Manager of the Restaurant (collectively "the Restaurant"). Rahim alleged that while she was having lunch at the Restaurant on October 4, 2003, her car, which was parked in the Restaurant's parking lot, was broken into and several personal and professional items were stolen. Rahim claimed that there was no warning informing patrons that the parking lot was not safe, despite the fact that there had been several break-ins during the preceding month.
 {¶ 3} The case proceeded to a case management conference; thereafter, settlement conferences were held. On May 3, 2004, the court ordered the parties to file motions for summary judgment on or before May 7, 2004. On May 11, 2004, the Restaurant filed a motion for leave to file motion for summary judgment instanter, which was granted by the trial court on or about May 13, 2004. On May 24, 2004, Rahim filed a brief in opposition along with her own motion for summary judgment. The trial court struck Rahim's motion as having been filed without leave of court.
 {¶ 4} The trial court proceeded to grant the Restaurant's motion for summary judgment in a journal entry dated June 4, 2004 and dismissed the action with prejudice. The court then issued a second entry on June 16, 2004, stating that "as MSJ [motion for summary judgment] was granted by prior entry; this matter is DWP [dismissed with prejudice] at plaintiff's costs. Final."
 {¶ 5} On June 18, 2004, Rahim filed a motion for reconsideration of the court's decision to strike her motion for summary judgment. The trial court denied this motion, indicating that the court had previously dismissed the matter with prejudice. Rahim appealed the ruling to this court on July 21, 2004. The appeal was dismissed as untimely pursuant to App.R. 4(A).
 {¶ 6} While her appeal was pending, Rahim filed a motion to vacate and for clarification of court's order of June 16, 2004. Rahim claimed the journal entry referenced prior entry of summary judgment that did not exist. The trial court denied the motion.
 {¶ 7} Rahim now appeals the trial court's ruling that denied her motion to vacate, raising two assignments of error which provide:
 {¶ 8} "I. The trial court erred and abused its discretion in denying plaintiff-appellant's motion for relief from judgment pursuant to Ohio Civil Rule 60(B)."
 {¶ 9} "II. The trial court erred as a matter of law in entering a summary judgment against plaintiff-appellant."
 {¶ 10} In this appeal, Rahim is under the mistaken assumption that there exists no order granting summary judgment in favor of the Restaurant. Upon a thorough review of the record before us, we find that there was an entry issued by the trial court on June 4, 2004 that granted the Restaurant's motion for summary judgment and dismissed the action with prejudice. Rahim has apparently overlooked this order.
 {¶ 11} Rahim's direct appeal was dismissed by this court as untimely filed. She now is attempting to again raise issues pertaining to summary judgment through an appeal from the denial of her motion to vacate.
 {¶ 12} As a preliminary matter, the trial court's ruling on the motion to vacate was a nullity. Rahim filed her first notice of appeal with this court prior to any decision on the Civ.R. 60(B) motion. "A trial court does not have jurisdiction to determine a motion for relief from judgment during the pendency of an appeal, and any action then taken upon a Civ.R. 60(B) motion is null and void." Reese v. Proppe (1981),3 Ohio App.3d 103, 104; DiFranco v. Tagg (Apr. 2, 1981), Cuyahoga App. No. 42691. Rahim did not seek leave from this court to stay the appeal and remand the case to the trial court to consider the Civ.R. 60(B) motion. Because the trial court no longer had jurisdiction, its "judgment" on the Civ.R. 60(B) motion is a nullity. We have no jurisdiction over an appeal from a void judgment below.
 {¶ 13} We also recognize that a Civ.R. 60(B) motion may not be used as a substitute for an appeal, nor can the rule be used to circumvent or extend the time requirements for filing an appeal. Winters v. Doe (Sept. 10, 1998), Cuyahoga App. No. 74384; Dahl v. Kelling (1986),34 Ohio App.3d 258. As we stated in Winters, supra: "This type of `bootstrapping' to wit., the utilization of a subsequent order to indirectly and untimely appeal a prior order (which was never directly appealed) is procedurally anomalous and inconsistent with the appellate rules which contemplate a direct relationship between the order from which the appeal is taken and the error assigned as a result of that order. See, Appellate Rules 3(D), 4(A), 5 and 16(A)(3)." Id., quotingState v. Church (Nov. 2, 1995), Cuyahoga App. No. 68590.
 {¶ 14} Accordingly, this case is dismissed for lack of jurisdiction.
Appeal dismissed.
It is ordered that appellees recover of appellant their costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, P.J., and Karpinski, J., Concur.