OPINION
{¶ 1} Appellant, Scott Anthony ("Anthony"), pursues this appeal from a judgment entry dismissing his lawsuit on the pleadings. Anthony filed suit against Lake Erie Correctional Institution ("LECI") for mistreatment he received as a prisoner at LECI.
 {¶ 2} Anthony's suit alleged that he was an informant for LECI and that LECI failed to provide protection for him, resulting in his being beaten by other inmates. Specifically, Anthony was assaulted by two other inmates, Robert Thompson and Adam Moore. Anthony had observed Robert Thompson and Adam Moore steal another inmate's personal property box, and reported the incident to Correction Officers Garducci and Gill. Robert Thompson and Adam Moore learned that Anthony had informed on them regarding the incident. They assaulted Anthony such that he sustained personal injuries. In his complaint, Anthony alleges that the acts or omissions of the corrections officers proximately resulted in his injuries.
 {¶ 3} LECI filed a motion for judgment on the pleadings pursuant to Civ.R. 12(C). In its motion it alleged that Anthony had failed to comply with R.C. 2969.25(A). That statute requires a prisoner to attach an affidavit to his complaint containing a description of all prior civil actions, if any, filed by him during the previous five years.
 {¶ 4} The statute provides, in pertinent part, as follows:
 {¶ 5} "(A) At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The affidavit shall include all the following for each of those civil actions or appeals:
 {¶ 6} "(1) A brief description of the nature of the civil action or appeal;
 {¶ 7} "(2) The case name, case number, and the court in which the civil action or appeal was brought;
 {¶ 8} "(3) The name of each party to the civil action or appeal;
 {¶ 9} "(4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award."
 {¶ 10} The issue presented for our review is whether LECI is a government entity such that Anthony was required by R.C.2969.25(A) to attach an affidavit to his complaint. We hold that LECI is not a government entity, and that Anthony may proceed with his complaint without the necessity of attaching the affidavit required by R.C. 2969.25(A). Our decision does not touch on the merits of Anthony's complaint.
 {¶ 11} The issue presented is one of law, and, therefore, we review the trial court's action de novo. As stated by the Eighth Appellate District, "[o]n matters of law — choice, interpretation, or application — our review is, of course, plenary. We give no deference and exercise our right to de novo
review by looking at the correctness with which the trial court acted."[1]
 {¶ 12} Anthony has asserted two assignments of error, the first of which is:
 {¶ 13} "The trial court erred when it granted defendant's motion for judgment on the pleadings based on O.R.C. 2969.25(A) where the defendant is not a government entity."
 {¶ 14} Anthony commenced his action against LECI on September 18, 2001. LECI filed its motion for judgment on the pleadings pursuant to Civ.R. 12(C) on December 1, 2004. The trial court granted the motion on January 12, 2005, two days before the case was set for trial.
 {¶ 15} Civ.R. 12(C) provides that any party may move for judgment on the pleadings after the pleadings are closed, but the filing thereof may not delay the trial:
 {¶ 16} "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."
 {¶ 17} A ruling on a motion for judgment on the pleadings resolves only questions of law.[2] The Supreme Court of Ohio has noted that a motion for judgment on the pleadings is similar to a motion under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted, and that the former motion is characterized as a belated Civ.R. 12(B)(6) motion.[3] The trial court, in considering a motion for judgment on the pleadings, "is required to construe as true all the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party."[4]
 {¶ 18} While recognizing that LECI is a private entity, the trial court was persuaded that LECI was performing a state function in housing prisoners and, therefore, it is to be considered a government entity for purposes of R.C. 2969.25(A). It cited the case of Street v. Corr. Corp. of Am. in support of its ruling.[5]
 {¶ 19} We do not agree that the rationale of the Street
case is applicable to the instant case. The plaintiff in that case sued under section 1983, Title 42, U.S. Code, alleging that the private prison in which he was housed violated his Eighth Amendment rights, failed to protect him from an attack by another inmate, and failed to provide him with adequate medical care. The United States Court of Appeals for the Sixth Circuit stated that a claimant pursuing a claim under that section must show "`1) the deprivation of a right secured by the Constitution or laws of the United States and 2) the deprivation was caused by a person acting under color of state law.'"[6] It also quoted the relevant portion of section 1983, Title 42, U.S. Code:
 {¶ 20} "`[E]very person who, under color of any statute, ordinance, regulation, custom, or usage * * * subjects, or causes to be subjected, any citizen of the United States * * * to the deprivation of any rights * * * secured by the Constitution and laws, shall be liable to the party injured in an action at law * * * (or) suit in equity.'"
 {¶ 21} The court in the Street case went on to hold that "[t]he defendants were `acting under color of state law' in that they were performing the `traditional state function' of operating a prison."[7]
 {¶ 22} However, it is one thing to subject "any person" who acts "under color of state law" and causes a "deprivation of any rights," which are "secured by the Constitution and laws" to civil liability. It is a far different thing to conclude that a private prison such as LECI is a government entity for purposes of R.C. 2969.25(A). The scope of the two statutes is markedly different. The broad federal statute provides a right of action to "any citizen" whose constitutional or statutory rights are violated by one acting under color of state law. It is hard to imagine a statute that is broader in scope. Thus, the letter and the spirit of the federal law is to enable all United States citizens to pursue a claim against "any person" who violates his rights "under color of law." On the other hand, the Ohio statute would limit inmate's suits by imposing the additional requirement of filing an affidavit with one's complaint if he is to proceed with his claim for injuries. There is no justification to give an expansive reading, beyond the plain meaning of the Ohio statute, to sweep within its purview both private prison entities as well as state prison entities. The leap to include both private and public entities within the phrase "government entity" in R.C.2969.25(A) is not justified.
 {¶ 23} Furthermore, we do not believe the Ohio General Assembly intended such a broad reading of the statute. On those occasions when it has chosen to define the meaning of "government entity," it has always limited itself to the state of Ohio, or a political subdivision. For example, R.C. 3723.01(E) defines "government entity" to mean "the state, a state agency as defined in section 1.60 of the Revised Code, a political subdivision, or any entity of local government"; R.C. 5528.51(H) defines "local government entity" to mean "any county, municipal corporation, township, or transportation improvement district, or any other local government agency designated by law"; R.C. 1557.01(I) defines "local government entities" to mean "any county, municipal corporation, township, or metropolitan or township park district, soil and water conservation district, conservancy district, or joint recreation district"; and R.C. 3717.01(N) defines "government entity" to mean "this state, a political subdivision of this state, another state, or a political subdivision or other local government body of another state." Had the legislature chosen to depart from its traditional definition of "government entity," as reflected in the statutes just cited, it would have done so in more certain terms. It is not logical to believe that the Ohio General Assembly intended a different meaning to the term "government entity" when it inserted the phrase into R.C. 2969.25(A) than when it had done so in every other statute it enacted that contained the same phrase.
 {¶ 24} Moreover, in 1995, when the General Assembly enacted enabling legislation to permit the contracting of prison services to private entities, it enumerated numerous criteria and requirements for the private prison to comply with, including that the private prison could not invoke the doctrine of sovereign immunity to shield it from suit: "[a] clear statement that no immunity from liability granted to the state, and no immunity from liability granted to political subdivisions under Chapter 2744. of the Revised Code, shall extend to the contractor or any of contractor's employees[.]"[8] Thus, the legislature took pains to distance private prisons from "government entities" insofar as it pertained to sovereign immunity. We do not think it took the opposite tack when it enacted R.C. 2969.25, pertaining to the filing of an affidavit when bringing suit against a private prison. It is more logical to conclude that the legislature required the filing of such an affidavit only when an inmate is suing a government entity, such as the state or a political subdivision, and we so hold.
 {¶ 25} The first assignment of error has merit.
 {¶ 26} Anthony's second assignment of error is as follows:
 {¶ 27} "The trial court erred when it granted defendant's motion for judgment on the pleadings based on O.R.C. 2969.25(A) where there was no evidence that defendant had previously filed legal actions required to be identified by affidavit, and the statute does not require that an affidavit be filed where there are no previous lawsuits required to be identified."
 {¶ 28} This assignment of error is predicated on the alternative argument that Anthony was not required to file the affidavit required by R.C. 2969.25 because of a lack of evidence that he had, in fact, filed previous civil cases. His construction of the statute is that an inmate can opt out of the requirements of that statute if he has not previously filed any civil cases. However, because of our disposition of his first assignment of error, we do not reach the merits of this assignment of error because it is moot.[9]
 {¶ 29} The second assignment of error is moot.
 {¶ 30} The judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.
Rice, J., O'Toole, J., concur.
[1] Raceway Video Bookshop, Inc. v. Cleveland Bd. of ZoningAppeals (1997), 118 Ohio App.3d 264, 269.
[2] Whaley v. Franklin Cty. Bd. of Commrs. (2001),92 Ohio St.3d 574, 581, citing State ex rel. Midwest Pride IV, Inc. v.Pontious (1996), 75 Ohio St.3d 565, 570.
[3] Id.
[4] Id., citing Peterson v. Teodosio (1973),34 Ohio St.2d 161, 165-166.
[5] Street v. Corr. Corp. of Am. (C.A.6, 1996),102 F.3d 810.
[6] Id. at 814, quoting Simescu v. Emmet Cty. Dept. of SocialServs. (C.A.6, 1991), 942 F.2d 372, 374.
[7] Id.
[8] R.C. 9.06(B)(15).
[9] App.R. 12(A)(1)(c).