[Cite as *Israfil v. Mgt. & Training Corp.*, 2022-Ohio-1270.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

MUMIN ISRAFIL,

    PLAINTIFF-APPELLANT,                   CASE NO. 9-21-31

    v.

MANAGEMENT AND TRAINING              O P I N I O N
CORPORATION ET AL.,

    DEFENDANTS-APPELLEES.

Appeal from Marion County Common Pleas Court
Trial Court No. 19CV0688

**Judgment Affirmed**

**Date of Decision: April 18, 2022**

APPEARANCES:

    *Mumin Israfil,* Appellant

    *Michael P. Quinlan* for Appellees

**MILLER, J.**

{¶1} Plaintiff-appellant, Mumin Israfil, appeals the August 24, 2021 judgment of the Marion County Court of Common Pleas dismissing his complaint against defendants-appellees, Neil Turner, former Warden of the North Central Correctional Complex ("NCCC"), and Management and Training Corporation (collectively the "Appellees"). For the reasons that follow, we affirm.

*Background*

{¶2} Israfil first filed a complaint against Appellees in Marion County sometime in 2018. Shortly thereafter, Israfil voluntarily dismissed his complaint. Israfil then refiled his complaint in Franklin County, but the case was subsequently transferred to the Marion County Court of Common Pleas. From there, the case was briefly removed to the Court of Claims before being returned to the Marion County Court of Common Pleas. On August 24, 2021, the trial court sua sponte dismissed Israfil's complaint due to his failure to comply with the affidavit requirements of R.C. 2969.25(A).

*Assignment of Error*

{¶3} On September 20, 2021, Israfil timely filed a notice of appeal. He raises the following assignment of error for our review:

> **The lower court's judgment to sua sponte dismiss appellant's action against defendant MTC, et al., was contrary to law because the definition of "government entity" under R.C. 2969.21 does not**

**include to mean [sic] for profit foreign corporations that operate and conduct business in Ohio nor is there any language in this statute that implies that for profit foreign corporations are government entities when these foreign corporations operate prisons in Ohio for profit.**

*Applicable Law & Analysis*

{¶4} R.C. 2969.25(A) requires that at the time an inmate commences a "civil action or appeal against a government entity or employee," the inmate must file an affidavit that contains a description of each civil action or appeal of a civil action filed by the inmate during the preceding five years in any state or federal court, including (1) a brief description of the nature of the civil action or appeal; (2) the case name, case number, and the court in which the civil action or appeal was brought; (3) the name of each party to the civil action or appeal; and (4) the outcome of the civil action or appeal. Compliance with the requirements of R.C. 2969.25 is mandatory, and an inmate's failure to comply with the statute warrants dismissal of the inmate's action. *State ex rel. Hall v. Mohr*, 140 Ohio St.3d 297, 2014-Ohio-3735, ¶ 4. We review de novo a trial court's dismissal of an inmate's complaint for failure to comply with the affidavit requirements in R.C. 2969.25. *Robinson v. State*, ___ Ohio St.3d ___, 2021-Ohio-3865, ¶ 7.

{¶5} Here, there is no dispute that Israfil failed to comply with the requirements of R.C. 2969.25. While Israfil later filed an affidavit in an effort to comply with R.C. 2969.25, "the affidavit required by R.C. 2969.25(A) must be filed

at the time the complaint is filed, and an inmate may not cure the defect by later filings." *State ex rel. Hall* at ¶ 4.

**{¶6}** But Israfil maintains that his noncompliance with the requirements of R.C. 2969.25 is irrelevant because the statute does not apply to his action against Appellees. Israfil correctly notes that the affidavit requirements of R.C. 2969.25 apply when an inmate institutes a "civil action or appeal against a government entity or employee." He argues that because Appellees, the private, for-profit corporation that operates NCCC and an employee of that corporation, do not qualify as a government entity or an employee of a government entity, his action is not a "civil action or appeal against a government entity or employee" within the meaning of R.C. Chapter 2969.

**{¶7}** Israfil's argument is not entirely unreasonable, and there is in fact precedent from outside this appellate district supporting his reading of R.C. 2969.25. *See Anthony v. Lake Erie Corr. Inst.*, 11th Dist. Ashtabula No. 2005-A-0009, 2006-Ohio-742, ¶ 10 (holding that Lake Erie Correctional Institution, a privately-operated prison, is not a government entity and the inmate-plaintiff could "proceed with his complaint without the necessity of attaching the affidavit required by R.C. 2969.25(A)"). However, in a more recent case involving an inmate's civil action

against three employees of NCCC,[1] including former Warden Turner, the Supreme Court of Ohio held that this court had correctly dismissed the inmate's complaint due to noncompliance with R.C. 2969.26(A)—a statute that, like R.C. 2969.25, applies when an inmate files a "civil action or appeal against a government entity or employee." *State ex rel. Howard v. Turner*, 156 Ohio St.3d 285, 2019-Ohio-759, ¶ 7. Whatever our opinion of the court of appeals's reasoning in *Anthony* or our own interpretation of R.C. 2969.25, we are constrained by the precedent of the Supreme Court of Ohio. At minimum, *State ex rel. Howard* stands for the proposition that an inmate must comply with R.C. 2969.26, and by reasonable extension R.C. 2969.25, when filing a civil action against the employees of a privately-operated prison. We see no reason why the holding in *State ex rel. Howard* should be interpreted to apply only to the employees of a privately-operated prison and not be extended to the entity that employs them. Therefore, we conclude that, unless and until the Supreme Court of Ohio or the General Assembly say otherwise, inmates must comply with the affidavit requirements of R.C. 2969.25(A) when filing civil actions against privately-operated prisons and the employees of such prisons. Because Israfil failed to comply with these requirements in this case, the trial court did not err by dismissing his complaint.

---

[1] In that case, NCCC was referred to as the North Central Correctional Institution.

**{¶8}** Israfil's assignment of error is overruled.

*Conclusion*

**{¶9}** For the foregoing reasons, Israfil's assignment of error is overruled. Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the Marion County Court of Common Pleas.

***Judgment Affirmed***

**ZIMMERMAN, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**