[Cite as *Howard v. Mgt. & Training Corp.*, 2022-Ohio-4071.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Jeffery L. Howard, | : | |
| Plaintiff-Appellant, | : | No. 21AP-283 |
| v. | : | (C.P.C. No. 20CV-2847) |
| Management & Training Corp. et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellees. | : | |
| | : | |

D E C I S I O N

Rendered on November 15, 2022

**On brief:** *Jeffery L. Howard*, pro se.

**On brief:** *Mansour Gavin, LPA*, *Edward O. Patton*, and *Michael P. Quinlan*, for appellees.

APPEAL from the Franklin County Court of Common Pleas

MENTEL, J.

{¶ 1} Jeffery L. Howard appeals from the judgment of the Franklin County Court of Common Pleas dismissing the civil action he filed against Management & Training Corp. ("MTC") and its employees. The trial court ruled that the affidavit Mr. Howard had filed disclosing his litigation history did not conform to the requirements of R.C. 2969.25(A), which applies when an inmate commences litigation against "a government entity or employee." MTC is a private, for-profit corporation, not a government entity. The trial court erred by applying the statute, so we reverse and remand.

{¶ 2} On April 21, 2020, Mr. Howard filed a complaint against MTC and ten of its employees who worked at the Northern Central Correctional Institution ("NCCI"), the facility owned and operated by MTC where he was incarcerated. Mr. Howard alleged that MTC's employees had conspired and retaliated against him by writing false negative

conduct reports after he filed complaints. He also alleged that employees had committed fraud, falsified government documents, and violated his equal protection rights. Mr. Howard sought a declaratory judgment, injunctive relief, and monetary damages. He also attached an affidavit disclosing six previous lawsuits he had filed in the last five years, as R.C. 2969.25(A) requires of an inmate commencing "a civil action or appeal against a government entity or employee * * * in any state or federal court."

{¶ 3} On June 11, 2020, MTC filed a motion to dismiss for failure to state a claim or, in the alternative, to transfer venue. MTC pointed out that Mr. Howard had voluntarily dismissed an identical action filed in the Court of Common Pleas of Marion County. Additionally, MTC argued that Mr. Howard's "bare bones" and "inadequate" affidavit did not satisfy R.C. 2969.25(A)'s requirement to provide a "brief description of the nature of his civil actions." (June 11, 2020 Mot. to Dismiss at 4.) Alternatively, MTC sought a motion to transfer the case to the Court of Common Pleas of Marion County, Ohio.

{¶ 4} In Mr. Howard's response, he accused the Marion County court of being "incapable of being fair and impartial towards" him and defended refiling the lawsuit in Franklin County because its "fairer and impartial" court did not lack jurisdiction over his claims. (July 2, 2020 Req. to Reply at 2-3.) He also argued that MTC was not a "government entity" or "employee" under R.C. 2969.25(A) and that his affidavit complied with the descriptive requirements of the statute.

{¶ 5} The trial court granted the motion to dismiss on May 3, 2021, ruling that Mr. Howard's affidavit did not comply with R.C. 2969.25(A). The trial court found that Mr. Howard's affidavit had "failed to list the names of each party to the civil action in any of the six civil actions he initiated within the last five years." (May 3, 2021 Journal Entry at 2.) The trial court also found that "overly general descriptors such as 'Declaratory Judgment and Injunctive Relief,' " failed to satisfy the R.C. 2969.25(A)(1) requirement to provide "[a] brief description of the nature of the civil action or appeal."

{¶ 6} Mr. Howard filed a notice of appeal on June 4, 2021, and asserts the following assignments of error:

> [1.] THE TRIAL COURT COMMITTED ERROR DISMISSING PLAINTIFF'S-APPELLANT'S CASE BASED ON THE OHIO REVISED CODE (O.R.C.) 2969.25(A)

[2.] THE TRIAL COURT COMMITTED PLAIN ERROR BY DEFINING A PRIVATE FOR PROFIT CORPORATION AS A "GOVERNMENT ENTITY" OR "EMPLOYEE" UNDER O.R.C. 2969.25(A)

**{¶ 7}** According to MTC, Mr. Howard's appeal should be dismissed because he untimely filed the notice of appeal. MTC argues that under App.R. 4, Mr. Howard had thirty days from May 3, 2021, the date the clerk entered the dismissal entry on the docket, to file the notice of appeal. Because he did not file the notice of appeal until June 4, 2021, thirty-two days later, MTC argues that the notice was untimely and we must dismiss Mr. Howard's appeal. As this argument challenges our jurisdiction, "we must, as a preliminary matter, address our subject-matter jurisdiction in this appeal." *Oakley v. Ohio State Univ. Wexner Med. Ctr.*, 10th Dist. No. 18AP-843, 2019-Ohio-3557, ¶ 9.

**{¶ 8}** "Jurisdiction in the court of appeals is based upon a timely filing of a notice of appeal." *Clermont Cty. Transp. Improvement Dist. v. Gator Milford, L.L.C.*, 141 Ohio St.3d 542, 2015-Ohio-241, ¶ 7. "An appeal as of right shall be taken by filing a notice of appeal with the clerk of the trial court within the time allowed by Rule 4." App.R. 3(A). Under App.R. 4(A)(1), "a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry."

**{¶ 9}** The procedure for providing "[n]otice of filing" of an entry of judgment is set forth in Civ.R. 58(B), which states:

> When the court signs a judgment, the court shall endorse thereon a direction to the clerk to serve upon all parties * * * notice of the judgment and its date of entry upon the journal. Within three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ.R. 5(B) and note the service in the appearance docket. Upon serving the notice and notation of the service in the appearance docket, the service is complete. The failure of the clerk to serve notice does not affect the validity of the judgment or the running of the time for appeal except as provided in App.R. 4(A).

**{¶ 10}** In this case, the relevant "manner prescribed by Civ.R. 5(B) " of serving a judgment on a party referenced in the rule is by "mailing it to the person's last known address by United States mail, in which event service is complete upon mailing." Civ.R.

5(B)(2)(c). The exception to the thirty-day period triggered by "[t]he failure of the clerk to serve notice" mentioned in Civ.R. 58(B) arises under App.R. 4(A)(3), which tolls the deadline for filing an appeal: "In a civil case, if the clerk has not completed service of notice of the judgment within the three-day period prescribed in Civ.R. 58(B), the 30-day periods referenced in App.R. 4(A)(1) and 4(A)(2) begin to run on the date when the clerk actually completes service."

{¶ 11} Mr. Howard asserts that he "signed for and received" the May 3, 2021 judgment entry on May 12, 2021, at which time he was "in segregation." (Appellant's Reply at 6.) He "immediately requested the required forms" to file the appeal from the institution's librarian, but, because of the librarian's schedule, did not receive them until "7-9 days later." *Id.* at 6-7. Nevertheless, he insists, because he placed the notice of appeal into "staff hands" to be mailed on May 24, 2021, it was "not [his] fault" that the notice of appeal arrived two days late. *Id.* at 7-8. Mr. Howard has also attached a number of documents, including his sworn affidavit, the prison mail log, and the relevant certificates of services attached to his filings to support his assertions.

{¶ 12} However, there is no " 'actual knowledge' exception to the service requirement of Civ.R. 58(B) " because the rule "requires that service be made by the clerk of courts; there is no stated exception." *Clermont Cty. Transp. Improvement Dist.*, 2015-Ohio-241, ¶ 2, 6. In other words, we are precluded from examining Mr. Howard's affidavit and accompanying papers to determine whether and when the clerk served him with the final judgment in this case. "If we open the door to an exception when the parties have actual knowledge of the judgment, we would be forcing the appellate courts into the murky area of deciding whether actual knowledge has been established. Appellate courts are not fact-finders, yet they would be forced into that role" by such an exception. *Id.* at ¶ 2. Thus, only the clerk's notation on the docket proves whether a final judgment was served under Civ.R. 58(B) and whether the thirty-day period for filing an appeal under App.R. 4(A) began to run. The interplay of these rules implicates "the very foundation for jurisdiction in the appellate court. It is simply too important to allow for notice in a casual manner. An office of a clerk of courts exists, if for no other reason, to keep an accurate and easily accessible record of what has happened in any given case." *Id.* ¶ 11.

{¶ 13} Examining the record created by the clerk, we conclude that the final judgment was not served on Mr. Howard in accordance with Civ.R. 58(B). The trial court signed the journal entry granting MTC's motion to dismiss on May 3, 2021, and the clerk entered the order on the docket the same day with the notation "notice of final appealable order." On May 5, 2021, the clerk noted "proof of service issued – ordinary mail" upon Mr. Howard. Under Civ.R. 58(B), "service is complete" if the clerk notes service on the docket within three days of the entry of judgment. "When the Civil Rules on service are followed, there is a presumption of proper service." *Rogers v. United Presidential Life Ins. Co.*, 36 Ohio App.3d 126, 128 (10th Dist.1987). However, on May 28, 2021, the clerk noted "notice returned – not served" with an accompanying image of the envelope containing the "final appealable order" returned by the U.S. Postal Service. This "positive statement of the record that no service was made," which MTC's briefing fails to acknowledge, rebuts the presumption of proper service of the final judgment. *Moore v. Starks*, 1 Ohio St. 369, 373 (1853). Notwithstanding Mr. Howard's affidavit and protestation that he received the judgment on May 12, 2021, we are bound by *Clermont County Transp. Improvement Dist.* to rely only upon the clerk's notation, and therefore conclude that the clerk did not complete service under Civ.R. 58(B).

{¶ 14} Failure to complete service of a final judgment under Civ.R. 58(B) tolls the thirty-day period for filing a notice of appeal. "In a civil case, if the clerk has not completed service of notice of the judgment within the three-day period prescribed in Civ.R. 58(B), the 30-day periods referenced in App.R. 4(A)(1) and 4(A)(2) begin to run on the date when the clerk actually completes service." App.R. 4(A)(3). Mr. Howard's June 4, 2021 notice of appeal was not untimely because the clerk never "completed service" as required to commence the thirty-day period for filing a notice of appeal under App.R. 4(A)(1). *E.g., White v. Cent. Ohio Gaming Ventures, LLC*, 10th Dist. No. 18AP-780, 2019-Ohio-1078, ¶ 12 ("Because the clerk did not complete service as required by Civ.R. 58(B), [the appellant's] time to appeal never expired under App.R. 4(A)."). Accordingly, MTC's argument that we lack jurisdiction to hear Mr. Howard's appeal is without merit.

{¶ 15} Having concluded that we have jurisdiction to hear Mr. Howard's appeal, we turn to his assignments of error challenging the dismissal of his case for failure to comply with the affidavit requirement of R.C. 2969.25(A). That statute states: "At the time that an

inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court."  R.C. 2969.25(A).  The definition of a "civil action or appeal against a government entity or employee" in R.C. 2969.25(A) is: "A civil action that an inmate commences against the state, a political subdivision, or an employee of the state or a political subdivision in a court of common pleas, court of appeals, county court, or municipal court." R.C. 2969.21(B)(1)(a). The trial court dismissed Mr. Howard's complaint after MTC moved to dismiss under Civ.R. 12(B)(6) for failure to state a claim upon which relief may be granted, so appellate review of the decision is de novo.  *State ex rel. Person v. McCarty*, 165 Ohio St.3d 42, 2021-Ohio-1207, ¶ 8, citing *Alford v. Collins-McGregor Operating Co.*, 152 Ohio St.3d 303, 2018-Ohio-8, ¶ 10.

{¶ 16}  Because they present similar arguments premised on the same alleged error, we consider Mr. Howard's assignments of error and arguments supporting them together. The trial court erred by dismissing his case under R.C. 2969.25(A), he argues, because it improperly interpreted the statute's reference to "a government entity or employee" to include MTC, a for-profit operator of a private prison.  (Merit Brief at 3-4.)  Mr. Howard cites to various provisions of the Ohio Revised Code, including the subchapter governing the operation of private correctional facilities, that differentiate state entities from private contractors.  *Id.* at 4-6 (citing R.C. 1.59(C), R.C. 1.60, and R.C. 9.06).  He believes that we should follow *Anthony v. Lake Erie Corr. Inst.*, 11th Dist. No. 2005-A-0009, 2006-Ohio-742, which held that R.C. 2969.25(A) does not apply to an inmate filing suit against employees of a privately owned prison.  *Id.* at 7.  In Mr. Howard's view, the trial court's reading of the statute is overbroad.  *Id.* at 8.

{¶ 17}  In response, MTC argues that R.C. 2969.21, the definition section applicable to R.C. 2969.25, references the definition of "state" under R.C. 2743.01, which "makes no distinction between privately or publicly operated and managed institutions."  (Appellees' Brief at 12.) Dismissing the Eleventh District's decision in *Anthony* as an "unpublished opinion," MTC cites two Supreme Court of Ohio cases, *State ex rel. McGrath v. McDonnell*, 126 Ohio St.3d 511, 2010-Ohio-4726, and *State ex rel. Howard v. Turner*, 156 Ohio St.3d

285, 2019-Ohio-759, to rebut Mr. Howard's arguments.[1]  According to MTC, these cases stand for the proposition that NCCI, the prison it operates for profit, "is a 'government entity' within the meaning of R.C. 2969.21(B)(1)(a)," the definition section applicable to R.C. 2969.25.  (Appellees' Brief at 14.)  MTC asserts also that *McGrath* held that the R.C. 2969.21(B)(1)(a) definition was "applicable to the civil action filed by McGrath under R.C. 2969.25 against a privately operated and managed institution" and that Lake Erie Correctional Institution, the private prison where he was incarcerated, was "a 'government entity.' " *Id.*

{¶ 18}  In *McGrath*, an inmate filed a complaint for a writ of mandamus in the Eighth District Court of Appeals but did not attach an affidavit to the complaint that complied with the requirements of R.C. 2969.25.  2010-Ohio-4726 at ¶ 2.  The Supreme Court of Ohio affirmed the appellate court's dismissal.  Despite the inmate's "claims to the contrary, R.C. 2969.25 applies to his mandamus complaint because he is an inmate, and his mandamus case is a civil case for purposes of R.C. 2969.21(B)(1)(a), which addresses inmate actions against government entities." *Id.* at ¶ 3, citing *Fuqua v. Williams*, 100 Ohio St.3d 211, 2003-Ohio-5533, and *State ex rel. Hawk v. Athens Cty.*, 106 Ohio St.3d 183, 2005-Ohio-4383.

{¶ 19}  In *Howard*, the Supreme Court of Ohio held that an inmate's complaint for a writ of mandamus filed in an appellate court was subject to the affidavit requirement of R.C. 2969.26(A), a statute that also applies to a civil action "against a government entity or employee," but one arising from a grievance.  2019-Ohio-759 at ¶ 1, 6.  As in this case, Mr. Howard was the inmate resisting the affidavit requirement.  However, the only argument he raised before the Supreme Court of Ohio at that time was that "the statute's requirements should not apply to him, because he is unable to pay for copies of the required grievance decisions since he has no funds in his inmate account." *Id.* at ¶ 5.

{¶ 20}  In neither *McGrath* nor *Howard* did the Supreme Court of Ohio address the question of whether an inmate filing a lawsuit against a privately owned, for-profit correctional facility was subject to the affidavit requirement of R.C. 2969.25(A).  "A

---

[1] The distinction MTC highlights is of little to no significance.  Rule 3.4 of the Supreme Court Rules for the Reporting of Opinions states: "All opinions of the courts of appeals issued after May 1, 2002 may be cited as legal authority and weighted as deemed appropriate by the courts without regard to whether the opinion was published or in what form it was published."

reported decision, although in a case where the question might have been raised, is entitled to no consideration whatever as settling, by judicial determination, a question not passed upon or raised at the time of the adjudication." *State ex rel. Gordon v. Rhodes*, 158 Ohio St. 129 (1952), paragraph one of the syllabus. Nowhere in *McGrath* or *Howard* does the Supreme Court of Ohio mention the fact that the defendant correctional institutions were privately owned, for-profit entities or interpret the statutory requirements in light of that fact. MTC's interpretation of those cases as controlling "construe[s]" the court's "silence * * * as settling this issue," in contravention of the syllabus law of *Gordon*. *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 11. Accordingly, neither case controls our resolution of the issue raised by Mr. Howard.

{¶ 21} The issue is straightforward and resolved by simply reading an unambiguous statute. "When we consider the meaning of a statute, our first step is always to determine whether the statute is 'plain and unambiguous.' " *Jacobson v. Kaforey*, 149 Ohio St.3d 398, 2016-Ohio-8434, ¶ 8, quoting *State v. Hurd*, 89 Ohio St.3d 616, 618 (2000). "If 'the language of a statute is plain and unambiguous and conveys a clear and definite meaning there is no occasion for resorting to rules of statutory interpretation,' because 'an unambiguous statute is to be applied, not interpreted.' " *Id.*, quoting *Sears v. Weimer*, 143 Ohio St. 312 (1944), paragraph five of the syllabus. When commencing a civil action "against a government entity or employee," R.C. 2969.25(A), an inmate must file an affidavit disclosing prior litigation. The phrase "government entity" is plain and admits of no ambiguity that would include a for-profit corporation. Further supporting this reading is the specific definition of the phrase "[a] civil action or appeal against a government entity or employee" applicable to R.C. 2969.25(A): "A civil action that an inmate commences against the state, a political subdivision, or an employee of the state or a political subdivision in a court of common pleas, court of appeals, county court, or municipal court." R.C. 2969.21(B)(1)(a). MTC is not a government entity, a state, or a political subdivision. As a consequence, no inmate commencing a civil action against it is subject to the requirement of R.C. 2969.25(A).

{¶ 22} MTC's reference to the definition of "state" under R.C. 2743.01, arrived through a chain of references in the Ohio Revised Code, does not support its argument. As stated, the definition of "[a] civil action or appeal against a government entity or employee"

applicable to R.C. 2969.25(A) is set forth in R.C. 2969.21(B)(1)(a): "A civil action that an inmate commences against the state, a political subdivision, or an employee of the state or a political subdivision in a court of common pleas, court of appeals, county court, or municipal court." In the foregoing definition, the word "state" is further defined as having "the same meaning as in section 2743.01 of the Revised Code." R.C. 2969.21(G). In R.C. 2743.01(A), "state" is defined as: "the state of Ohio, including, but not limited to, the general assembly, the supreme court, the offices of all elected state officers, and all departments, boards, offices, commissions, agencies, institutions, and other instrumentalities of the state," but not "political subdivisions." MTC argues that this definition's reference to "institutions" includes it because the definition "makes no distinction between privately or publicly operated and managed institutions." (Appellees' Brief at 12.) Not so. MTC's reading omits "of the state," the final preposition from the definition. MTC cannot plausibly be described as an "institution * * * of the state." Contrary to MTC's argument, R.C. 2743.01(A) supports our reading of R.C. 2969.25(A), as the latter statute does not reference a privately-owned correctional institution when referring to a "government entity."

{¶ 23} As Mr. Howard points out, the Eleventh District Court of Appeals in *Anthony v. Lake Erie Corr. Inst.*, 11th Dist. No. 2005-A-0009, 2006-Ohio-742, reads the statute as we do. The court rejected the private prison appellee's "broad reading" of the statute, reasoning that when the Ohio General Assembly:

> has chosen to define the meaning of "government entity," it has always limited itself to the state of Ohio, or a political subdivision. For example, R.C. 3723.01(E) defines "government entity" to mean "the state, a state agency as defined in section 1.60 of the Revised Code, a political subdivision, or any entity of local government"; R.C. 5528.51(H) defines "local government entity" to mean "any county, municipal corporation, township, or transportation improvement district, or any other local government agency designated by law"; R.C. 1557.01(I) defines "local government entities" to mean "any county, municipal [**10] corporation, township, or metropolitan or township park district, soil and water conservation district, conservancy district, or joint recreation district"; and R.C. 3717.01(N) defines "government entity" to mean "this state, a political subdivision of this state, another state, or a political subdivision or other local government body of another state." Had the legislature chosen

> to depart from its traditional definition of "government entity," as reflected in the statutes just cited, it would have done so in more certain terms. It is not logical to believe that the Ohio General Assembly intended a different meaning to the term "government entity" when it inserted the phrase into R.C. 2969.25(A) than when it had done so in every other statute it enacted that contained the same phrase.

*Id.* at ¶ 23.

{¶ 24} We acknowledge that the Third District Court of Appeals has recently disagreed with *Anthony* and held, based on *Howard*, that an inmate commencing a civil action against employees of a privately-owned prison must satisfy R.C. 2969.25(A). *Israfil v. Mgt. & Training Corp.*, 3d Dist. No. 9-21-31, 2022-Ohio-1270. Conceding that the inmate's argument that the statute should not apply to its lawsuit against the employees of NCCI was "not entirely unreasonable," the court nevertheless held that it was "constrained" by the holding of *Howard*. *Id.* at ¶ 7 ("Whatever our opinion of the court of appeals's [*sic*] reasoning in *Anthony* or our own interpretation of R.C. 2969.25, we are constrained by the precedent of the Supreme Court of Ohio.").

{¶ 25} The reasoning in *Israfil* is unpersuasive for two reasons. First, as discussed, the status of the defendant as a private corporation was never mentioned or discussed in *Howard*. Because we will not read a controlling interpretation of a statute into "a case where the question might have been raised" but was not, *Howard* is "entitled to no consideration whatever as settling, by judicial determination, a question not passed upon or raised at the time of [its] adjudication." *State ex rel. Gordon v. Rhodes*, 158 Ohio St. 129 (1952), paragraph one of the syllabus.

{¶ 26} Second, *Israfil* contains no independent basis for its holding other than citing *Howard*. *See Israfil* at ¶ 7. *Anthony*, in comparison, provides an extensive discussion of the statutory text and other thoroughly reasoned explanations for its holding. *See Anthony* at ¶ 19-22 (rejecting the argument that a private prison liable under 42 U.S.C. 1983 for violating a defendant's constitutional rights when acting under color of state law qualified as a "government entity for purposes of R.C. 2969.25(A)," noting the "markedly different" reach of the two statutes) and ¶ 24 (including a private, for-profit entity providing prison services within the meaning of a "government entity" under R.C. 2969.25(A) was

inconsistent with R.C. 9.06(B)(15), in which the Ohio General Assembly "took pains to distance private prisons from 'government entities' " by requiring them to contractually disavow any entitlement to sovereign immunity).  We find the logic and reasoning of *Anthony* far more persuasive than *Israfil*'s cursory application of *Howard*.

{¶ 27} For the foregoing reasons, Mr. Howard was not subject to the requirements of R.C. 2969.25(A) when he commenced a civil action against MTC and its employees. Accordingly, we sustain his two assignments of error, reverse the judgment of the trial court dismissing his action, and remand this cause to the trial court.

*Judgment reversed; cause remanded.*

LUPER SCHUSTER, P.J. and DORRIAN, J., concur.

_____