[Cite as *Greenwood v. A. Caserta Constr., L.L.C.*, 2023-Ohio-4097.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

| | |
|---|---|
| HEATHER GREENWOOD, | **CASE NO. 2023-G-0039** |
| Plaintiff-Appellee, | |
| - vs - | Civil Appeal from the Chardon Municipal Court |
| A. CASERTA CONSTRUCTION, LLC d.b.a. GIANNA'S ROOFING AND REMODELING, | Trial Court No. 2023 CVF 00126 |
| Defendant-Appellant. | |

## MEMORANDUM OPINION

Decided: November 13, 2023
Judgment: Appeal dismissed

*Brian L. Bly*, Ibold & O'Brien, 401 South Street, Chardon, OH 44024 (For Plaintiff-Appellee).

*Robert N. Farinacci*, 65 North Lake Street, Madison, OH 44057 (For Defendant-Appellant).

EUGENE A. LUCCI, J.

{¶1} Appellant, A. Caserta Construction, LLC, d.b.a. Gianna's Roofing and Remodeling, filed a notice of appeal on October 11, 2023, from a September 8, 2023 entry of the Chardon Municipal Court. Appellant, through counsel, filed a motion for leave to file a delayed appeal on October 12, 2023. Appellee, Heather Greenwood, through counsel, filed a motion to dismiss the appeal as untimely.

{¶2} App.R. 3(A) expressly states that the only jurisdictional requirement for filing a valid appeal is to file it within the time allowed by App.R. 4. The Supreme Court has held that the failure to comply with the time requirements of App.R. 4(A) is a jurisdictional defect, which is fatal to an appeal. *In re H.F.*, 120 Ohio St.3d 499, 2008-Ohio-6810, ¶ 17, citing *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60 (1988).

{¶3} "Subject to the provisions of App.R. 4(A)(3), a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." *See* App.R. 4(A)(1). Civ.R. 58(B) directs the clerk of courts to serve the parties with notice of the entry within three days of entering the judgment upon the journal. If Civ.R. 58(B) service does not occur within three days, the time to appeal does not begin to run until service is made and noted in the appearance docket. *Coles v. Lawyers Title Ins. Corp.*, 163 Ohio App.3d 659, 664, 2005-Ohio-5360.

{¶4} Here, the trial court issued its entry on September 8, 2023. The clerk of courts noted on the appearance docket that copies were mailed on September 11, 2023. Since appellant was served within the three-day period required in Civ.R. 58(B), the thirty-day period began to run on the date of entry of judgment i.e., September 8, 2023. The deadline for appellant to file its notice of appeal was October 10, 2023, which was not a holiday or a weekend. Thus, appellant's October 11, 2023 appeal was untimely filed.

{¶5} Turning to appellant's motion for delayed appeal, this court has stated that a motion for delayed appeal is inapplicable to civil proceedings. See App.R. 5(A); *Grange Mut. Cas. Co. v. Lawrence*, 11th Dist. No. 2011-L-092, 2011-Ohio-4307, at ¶ 7. Appellant cannot utilize a motion for delayed appeal to file an untimely appeal since this case

2

involves a civil appeal. This court is not empowered to extend the time deadline in civil cases. *Pendell*, *supra* at 60; *see also* App.R. 14(B).

{¶6} Based upon the foregoing, appellee's motion to dismiss is hereby granted. This appeal is dismissed pursuant to App.R. 4(A)(1).

{¶7} Appeal dismissed.


MARY JANE TRAPP, J.,

ROBERT J. PATTON, J.,

concur.

3

Case No. 2023-G-0039