[Cite as *Portfolio Recovery Assocs., L.L.C. v. Crenshaw*, 2024-Ohio-1282.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF OHIO

| | | |
|---|---|---|
| PORTFOLIO RECOVERY ASSOCIATES LLC, | : | |
| Plaintiff-Appellee, | : | No. 113102 |
| v. | : | |
| MARIAH CRENSHAW, | : | |
| Defendant-Appellant. | : | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 4, 2024

---

Civil Appeal from the Cleveland Municipal Court
Case No. 2021-CVF-001892

---

### *Appearances:*

James Colabianchi, Jr., *for appellee.*

Mariah Crenshaw, *pro se.*

SEAN C. GALLAGHER, J.:

{¶ 1} Mariah Crenshaw appeals the municipal court's decisions granting summary judgment in favor of Portfolio Recovery Associates, LLC ("PRA"), which arose from an outstanding debt owed on a credit account, and the separate denial of

a motion for relief from final judgment filed shortly after the final judgment was entered. For the following reasons, we affirm.

{¶ 2} PRA filed a breach-of-contract action against Crenshaw alleging that she failed to pay $1,750.98, representing the outstanding balance owed on her liquidated credit account. PRA obtained Crenshaw's debt through assignment. Crenshaw answered the complaint, filed counterclaims alleging that PRA engaged in frivolous conduct under R.C. 2323.51 and violated the Fair Debt Collections Act by misreporting information to the credit reporting agencies, and filed a motion to transfer the case to the proper venue. The counterclaims were dismissed before PRA filed its motion for summary judgment.

{¶ 3} In support of its motion for summary judgment, PRA attached the bills of sale for the account documenting the assignment of the account to PRA, affidavits of sale of the $1,750.98 debt from the original banking institution's representative, the terms and conditions to which Crenshaw agreed, and monthly account statements demonstrating the accrued balance. Further, PRA presented the unanswered requests for admissions that Crenshaw received through discovery. Those admissions demonstrated that Crenshaw owed PRA $1,750.98 on the overdue account.

{¶ 4} On March 2, 2023, the municipal court denied Crenshaw's motion to dismiss and transfer venue and granted PRA's motion for summary judgment upon all remaining claims. In that judgment, PRA was awarded $1,750.98 plus 3 percent interest from the date of that final judgment. On March 24, 2023, as noted in the

record, the clerk of courts sent the required notices of the final judgment to the parties, as ordered by the court in the final judgment.

{¶ 5} Instead of appealing the final judgment within 30 days of the notices being sent, Crenshaw filed a motion on March 31, 2023, captioned "Defendant's Motion for Relief from the Court's March 2, 2023 Judgment Pursuant to Ohio Civ.Rule 60(5)(B)." In that motion, Crenshaw acknowledged that she refiled the dismissed counterclaims in the Cuyahoga County Common Pleas Court, General Division, but that action was removed to federal court. No information beyond the fact of that filing was included in the appellate record.[1] Crenshaw also accused the municipal court of failing to adhere to the "local and Civil Rules governing case management" and ignoring the fact that her dismissed counterclaim had been "removed to federal court." Crenshaw asked for relief from the final judgment because "the issues which occurred during the litigation process are all appealable and the final order granting judgment is guaranteed to be reversed in the appellate court."

{¶ 6} The trial court denied the motion for relief from judgment.

{¶ 7} Crenshaw filed this appeal on August 18, 2023, advancing three assignments of error generally challenging the final judgment entered on March 2, 2023, which became final through Civ.R. 58(B) on March 24, 2023. In the first assignment of error, Crenshaw claims the trial court erred in granting judgment

---

[1] This is not to say that the lack of a record is of consequence.

under Civ.R. 56 because there are genuine issues of material fact precluding judgment in PRA's favor. Crenshaw argues that PRA failed to provide any evidence substantiating the debt owed or validating the chain of assignments of the debt. In the second assignment of error, Crenshaw claims that the final judgment should be reversed because the municipal court failed to follow all local and state rules of civil procedure before granting summary judgment. In general, Crenshaw argues that she never received notices or copies of the judgment entries during the pretrial phase of the proceeding. And finally, in the third assignment of error, Crenshaw claims the municipal court abused its discretion in rendering a final judgment in PRA's favor because the court lacked jurisdiction based on a consent decree PRA entered in an unrelated federal proceeding.

{¶ 8} Crenshaw failed to timely appeal the final judgment entered on March 2, 2023, with the notice being ordered in the final entry and sent as contemplated under Civ.R. 58(B) on March 24.[2] Under App.R. 4(A), "a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." Appellate courts lack "jurisdiction to entertain an appeal in which a notice of appeal is not timely filed." *State v. Waver*, 8th Dist. Cuyahoga No. 107502, 2019-Ohio-1444, ¶ 30, citing *Wells*

---

[2] Civ.R. 58(B) provides that "[w]hen the court signs a judgment, the court shall endorse thereon a direction to the clerk to serve upon all parties not in default for failure to appear notice of the judgment and its date of entry upon the journal." The clerk is then required, "[w]ithin three days of entering the judgment upon the journal," to "serve the parties in a manner prescribed by Civ.R. 5(B) and note the service in the appearance docket."

*Fargo Bank, N.A. v. Fields*, 2015-Ohio-4580, 48 N.E.3d 971, ¶ 14 (8th Dist.); *Bounce Properties, L.L.C. v. Rand*, 8th Dist. Cuyahoga No. 92691, 2010-Ohio-511, ¶ 6. Under App.R. 4(A), Crenshaw had 30 days from the date the clerk entered the notice of the final entry on the appearance docket within which to perfect a timely appeal in light of the delay in sending the notices.[3] *State v. Bridges*, 8th Dist. Cuyahoga No. 111833, 2023-Ohio-1048, ¶ 36, citing *State v. Tucker*, 8th Dist. Cuyahoga No. 95556, 2011-Ohio-4092, ¶ 9, *Howard v. Mgt. & Training Corp.*, 10th Dist. Franklin No. 21AP-283, 2022-Ohio-4071, ¶ 14, and *White v. Cent. Ohio Gaming Ventures, LLC*, 10th Dist. Franklin No. 18AP-780, 2019-Ohio-1078, ¶ 12; *see also Greenwood v. A. Caserta Constr., LLC*, 11th Dist. Geauga No. 2023-G-0039, 2023-Ohio-4097, ¶ 3, citing *Coles v. Lawyers Title Ins. Corp.*, 163 Ohio App.3d 659, 2005-Ohio-5360, 839 N.E.2d 982, ¶ 24 (5th Dist.) ("[T]he time to appeal does not begin to run until service is made and noted in the appearance docket."). The time to appeal the final judgment expired at the end of April 2023, approximately three and one-half months before this appeal was filed.

{¶ 9} Although PRA tangentially references the late filing, the parties have otherwise provided no analysis or discussion relative to this court's jurisdiction over the appeal. "'If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and the appeal must be dismissed.'" *V.C. v. O.C.*,

---

[3] The praecipe indicates that the appeal was filed under App.R. 5, which provides for a delayed appeal in criminal, delinquency, and serious youth offender proceedings. That rule is not applicable to this civil proceeding to extend the time in which an appeal must be perfected.

8th Dist. Cuyahoga No. 113181, 2024-Ohio-344, ¶ 12, quoting *Assn. of Cleveland Firefighters, # 93 v. Campbell*, 8th Dist. Cuyahoga No. 84148, 2005-Ohio-1841, ¶ 6. In addition, an appellate panel "must sua sponte dismiss an appeal if it is not taken from a final appealable order or judgment." *Id.*, citing *Cooney v. Radostitz*, 8th Dist. Cuyahoga No. 110009, 2021-Ohio-2521, ¶ 12, *Scheel v. Rock Ohio Caesars Cleveland, L.L.C.*, 8th Dist. Cuyahoga No. 105037, 2017-Ohio-7174, ¶ 7, *Arch Bay Holdings, L.L.C. v. Goler*, 8th Dist. Cuyahoga No. 102455, 2015-Ohio-3036, ¶ 9, and *Scanlon v. Scanlon*, 8th Dist. Cuyahoga No. 97724, 2012-Ohio-2514, ¶ 5.

{¶ 10} This panel lacks jurisdiction to review the merits of the final decision awarding PRA $1,750.98 plus interest based on the motion for summary judgment. Crenshaw failed to timely perfect her appeal from that judgment and cannot bootstrap arguments challenging that decision through a motion for relief from judgment. *See Rahim v. Superior Restaurant, Inc.*, 8th Dist. Cuyahoga No. 85411, 2005-Ohio-1963, ¶ 13.

{¶ 11} Notwithstanding, nothing from the docket indicates that the municipal court's decision separately denying Crenshaw's motion for relief from judgment was ever noticed under Civ.R. 58(B). *Id.* at ¶ 41. The denial of a motion for relief from judgment is generally considered a final appealable order in its own right. *Reliable Auto Fin., Inc. v. Kelly*, 10th Dist. Franklin No. 20AP-518, 2021-Ohio-2851, ¶ 14, citing *Deutsche Bank Natl. Trust Co. v. Pandey*, 10th Dist. Franklin No. 10AP-39, 2010-Ohio-3746, ¶ 12. "The lack of service by the clerk under Civ.R. 58(B) means [that the] time for commencing an appeal has not begun to run," and

any appeal of that decision may be filed at any time until the clerk provides the required notice. *State ex rel. Thomas v. Nestor*, 164 Ohio St.3d 144, 2021-Ohio-672, 172 N.E.3d 136, ¶ 8, citing *In re Anderson*, 92 Ohio St.3d 63, 67, 748 N.E.2d 67 (2001).

{¶ 12} A decision denying a motion filed under Civ.R. 60(B) is reviewed for an abuse of discretion. *State ex rel. Hatfield v. Miller*, 172 Ohio St.3d 247, 2023-Ohio-429, 223 N.E.3d 391, ¶ 8, citing *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 21, 520 N.E.2d 564 (1988), and *Strack v. Pelton*, 70 Ohio St.3d 172, 174, 107 N.E.2d 914 (1994). Under the rule, the moving party is "required to establish (1) a meritorious claim or defense in the event relief is granted, (2) entitlement to relief under one of the provisions of Civ.R. 60(B)(1) through (5), and (3) timeliness of the motion." *Id.*, citing *Strack* at 174 and *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. However, a litigant is not permitted to bootstrap arguments challenging a final judgment, from which no direct appeal was timely perfected, into a motion for relief from final judgment. *Rahim*, at ¶ 13.

{¶ 13} In this case, Crenshaw filed her motion for relief from final judgment under Civ.R. 60(B)(5), which provides that "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for * * * any other reason justifying relief from the judgment." The catchall provision under Civ.R. 60(B)(5), however, "'is only to be used in an extraordinary and unusual case when the interests of justice warrant[] it.'" *Miller* at

¶ 12, citing *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 105, 316 N.E.2d 469 (8th Dist.1974). Generally, the party seeking relief from a final judgment cannot use Civ.R. 60(B)(5) as a substitute for a timely appeal. *Id.*, citing *Harris v. Anderson*, 109 Ohio St.3d 101, 2006-Ohio-1934, 846 N.E.2d 43, ¶ 9, and *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 15 ("Civ.R. 60(B) 'does not exist to allow a party to obtain relief from his or her own choice to forgo an appeal from an adverse decision.'"). *Id.* at ¶ 15, quoting *Ackerman v. United States*, 340 U.S. 193, 198, 71 S.Ct 209, 95 L.Ed. 207 (1950).

{¶ 14} Crenshaw's motion for relief from judgment expressly indicated that the relief was necessary because Crenshaw did not want to "clog the appellate court docket with an unnecessary appeal" because the municipal court could provide relief and vacate the final judgment. Despite her acknowledgment that an appeal was necessary, none was timely forthcoming. Crenshaw has not argued, let alone demonstrated, an exception to the general rule that a party may not use a Civ.R. 60(B) motion for relief from judgment as a substitute for a timely appeal. Accordingly, the trial court's decision denying the motion for relief from judgment was not in error. *See Miller* at ¶ 12.

{¶ 15} This panel lacks jurisdiction to review the assignments of error pertaining to the granting of final judgment in PRA's favor. Further, and regardless of the rationale provided by the municipal court in denying the motion for relief from judgment, that decision was correct. *See id.* In her motion for relief from judgment, Crenshaw expressly conceded that the arguments presented were ones

she intended to raise in a direct appeal. Crenshaw improperly attempted to use the motion for relief from judgment as a substitute for a direct appeal of the underlying judgment entered against her. *See Rahim*, 8th Dist. Cuyahoga No. 85411, 2005-Ohio-1963, at ¶ 13.

{¶ 16} The municipal court's decision denying Crenshaw's motion for relief from judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, P.J., and
FRANK DANIEL CELEBREZZE, III, J., CONCUR